# Commonwealth *v.* Eyler, Appellant.

*Criminal law—Murder—Intoxication—Witnesses—Opinions of non-expert witnesses.*

In a prosecution for homicide where the killing is admitted and the defense is intoxication, the only issue is the degree of guilt and that depends on the degree of intoxication.

Intoxication is a matter of common observation on which the opinions of nonexperts are admissible on the trial of an indictment for murder where the defense set up is that of intoxication.

The effect of drink differs so widely in degree and visible manifestations that mere descriptive language is inadequate to convey to others

the subtler gradations of evidence on which the observer's judgment is really formed. A man may be quiet and inert under circumstances that usually produce activity, and it may be because he is overcome with fatigue, or sleep, or is sodden with liquor. The outward conduct and therefore the verbal description will be closely similar in either case. So, on the other hand, his manifestations of excessive or noisy activity may be because he is excited, or angry or fighting drunk. Without the observer's opinion as to the producing cause a mere description which would almost always, from the inadequacy of language, lack some of the subtler details would afford a very uncertain basis for judgment of the actual condition. Hence it is proper in such cases that a witness who has actual knowledge and observation of an occurrence should be allowed to supplement his description by his opinion.

Argued March 18, 1907. Appeal, No. 79, Jan. T., 1907, by defendant, from judgment of O. & T. Adams Co., Aug. T., 1906, No. 1, on verdict of guilty of murder of the first degree in case of Commonwealth v. William Eyler. Before Mitchell, C. J., Fell, Brown, Mestrezat and Stewart, JJ. Affirmed.

Indictment for murder. Before Swope, P. J.
The opinion of the Supreme Court states the case.
Verdict of guilty of murder of the first degree.

*Errors assigned* among others were in the admission of the opinion of nonexpert witnesses as to the degree of intoxication.

*Wm. Hersh,* for appellant.—Opinions of nonexpert witnesses are inadmissible until they have first stated facts upon which to base such opinions—such as opportunities of observation, acquaintance with the subject-matter, and means of expressing knowledge: Elcessor v. Elcessor, 146 Pa. 359; Com. v. Cressinger, 193 Pa. 326; Shaver v. McCarthy, 110 Pa. 339; Water Co. v. Stewartson, 96 Pa. 436; Bank v. Wirebach, 106 Pa. 37; Aid Society v. O'Hara, 120 Pa. 256; Com. v. Wireback, 190 Pa. 138.

The facts must be such as to form a fair basis for the opinions proposed to be given. When the facts themselves are inconclusive and of such neutral character as to be consistent with one condition or the other, they cannot be made a basis

of an opinion. In other words, the facts must be such as will justify the conclusion that the opinion is something more than mere guesswork: Bank v. Wirebach, 106 Pa. 37; Elcessor v. Elcessor, 146 Pa. 359; Kenworthy v. Williams, 5 Ind. 375; Real v. People, 42 N. Y. 270; Eggers v. Eggers, 57 Ind. 461; Water Co. v. Stewartson, 96 Pa. 436; Com. v. Wireback, 190 Pa. 138.

*S. D. Keith*, district attorney, and *W. C. Sheely*, for appellee, were not heard.

Opinion by Mr. Chief Justice Mitchell, April 15, 1907:

The killing and the manner and circumstances of it, including the weapon used, were admitted by the prisoner, appellant. The defense was intoxication and it was conceded by the commonwealth that the prisoner had been drinking. The only issue, therefore, was the degree of guilt, and that depended on the degree of intoxication.

The law as to the various grades of homicide, murder with its distinction of degrees and manslaughter, was fully and accurately explained to the jury, and then the law as to intoxication, that it is not an excuse for crime, but that when it is of such degree as to render the prisoner incapable of deliberation or premeditation, or even of the formation of a specific intent, it may reduce the grade of the offense. All this was carefully explained to the jury and its application pointed out in a detailed and elaborate charge, in which we find no error, notwithstanding the numerous assignments. The evidence contained all the elements of murder of either degree, and if the jury took the view unfavorable to the prisoner it was not through any errors of the court.

The only matter assigned as error which it is worth while to notice specially, is the admission of the opinions of witnesses as to the degree of intoxication of the prisoner without, as it is alleged requiring a sufficient preliminary statement by them of the facts on which their opinions were based.

This line of testimony as to the intoxication of the prisoner was opened by the defense in its cross-examination of the commonwealth's witnesses. The prosecution objected, but the testimony was admitted by the court for its presumed bearing

on the corpus delicti. The subsequent course of the trial is thus stated by the learned judge in his opinion refusing a new trial. "The defense also called a number of witnesses on the same question, both before and immediately after the assault, who gave it as their opinion that the defendant was under the influence of liquor; that he was drunk. Some of those witnesses had a better foundation for their opinion than others, but the whole was left to the jury for their judgment and determination.

"In rebuttal the witnesses for the commonwealth but followed in the wake of the witnesses for the defense. No opinion as to the defendant's intoxication was given, except as it was grounded on what was seen and noticed of the defendant at the time, affording, in the judgment of the court, sufficient opportunity for observation and inference." It would be sufficient in regard to the assignments of error on this point, to say that the objection now made was not made to the court at the trial. When the commonwealth's witnesses were asked the question the only objection made was that it "was not proper rebuttal," though after the testimony had been given the defense objected "to all the testimony on the part of the commonwealth as to the sobriety of the defendant as incompetent, immaterial, inadmissible and not proper rebuttal." There was no motion to strike out the testimony, and the objection was clearly too vague and too general to be sustained.

But even if it had been in proper time and proper form it could not have prevailed. The rule as to the admissibility of opinions of nonexpert witnesses was settled in the leading case of Graham v. Penna. Co., 139 Pa. 149. "Where mere descriptive language is inadequate to convey to the jury the precise facts or their bearing on the issue, the description by the witness must of necessity be allowed to be supplemented by his opinion in order to put the jury in position to make the final decision of the fact," and quoting from Com. v. Sturtivant, 117 Mass. 122, "the exception includes the evidence of common observers testifying to the results of their observations made at the time, in regard to common appearances or facts, and a condition of things which cannot be reproduced and made palpable to a jury."

In Auberle v. McKeesport, 179 Pa. 321, it was said that the

rule of Graham v. Penna. Co., "has not been departed from. Whether its application to existing facts in subsequent cases has always been correct is a matter on which opinions may naturally differ, because as said in that case, quoting Chief Justice SHAW in New England Glass Co. v. Lovell, 61 Mass. 319, there is extreme difficulty in laying down any rule precise enough for practical application, and the only proper course is to keep the principle steadily in view and apply it according to the circumstances of each case."

In Graham v. Penna. Co. it is said "in several classes of questions the line between the witness's judgment or opinion and his affirmation of a fact, is so indistinct that it cannot be marked out in practice. Such are questions of identity of persons or things, of the lapse of time, of comparative shape or color or sound, of expression and through it of meaning, etc. In all of these, however positively the witness may affirm facts what he says is after all largely his opinion, but so blended with knowledge and recollection that the line where opinion ends and fact begins cannot be distinguished."

In this class must certainly be included the question of intoxication. The effects of drink differ so widely in degree and visible manifestations that mere descriptive language is inadequate to convey to others the subtler gradations of evidence on which the observer's judgment is really formed. A man may be quiet and inert under circumstances that usually produce activity, and it may be because he is overcome with fatigue, or sleep, or is sodden with liquor. The outward conduct and, therefore, the verbal description, will be closely similar in either case. So, on the other hand, his manifestations of excessive or noisy activity may be because he is excited, or angry or fighting drunk. Without the observer's opinion as to the producing cause a mere description which would almost always, from the inadequacy of language, lack some of the subtler details would afford a very uncertain basis for judgment of the actual condition. Hence it is proper in such cases that a witness who has actual knowledge and observation of an occurrence should be allowed to supplement his description by his opinion.

Of course actual knowledge and observation on the part of the witness are the essential basis of the reception of his opin-

ion, and in the usual and regular course such facts must be first proved as a foundation. In the present case it appears that one at least of the witnesses was asked his opinion without the ordinary preliminary inquiry into his means and opportunity of knowledge. But, as already said, this objection was not made at the time. It was apparently clear to everybody that he had been present, and that fact was brought out in full on the cross-examination. No witness was allowed to give an opinion who did not possess the requisite personal knowledge of the facts.

The precise point that intoxication is a matter of common observation on which the opinions of nonexperts are admissible does not seem to have been expressly passed upon by this court, probably because it has never been seriously or formally challenged. But all the analogies, including the far more serious one of insanity, point to the reception of such opinions.

In other states the authorities are uniform. In People v. Eastwood, 14 N. Y. 562 (1856) the court of appeals of New York said, " a child may answer whether a man whom it has seen was drunk or sober; it does not require science or opinion to answer the question, but observation merely ; but the child could not probably describe the conduct of the man so that from its description others could decide the question. Whether a person is drunk or sober, or how far he was affected by intoxication is better determined by the direct answer of those who have seen him than by their description of his conduct."

" A witness was allowed to state that the plaintiff was intoxicated. This was objected to as being the expression of the opinion of a witness. . . . In a certain sense a vast deal of testimony is but statements of opinion. But it is not opinion in an objectionable sense. It is everyday practice for witnesses to swear to such facts as the quantity, weight, size and dimensions of a thing, to heat and cold, age, sickness and health and many other matters of that kind. In such cases witnesses do not express an opinion founded on hearsay or the judgment of other men. It is not an opinion based upon facts recited and sworn to by other witnesses. It is their own judgment, based upon facts within their own observation. It is, so far as such a thing can be, knowledge of their own. It is an opinion which combines many facts without specifying them. It has

been described as 'an abbreviation of facts,' a 'shorthand rendering of facts.' It is an inference equivalent to a specification of the facts. The witness in effect describes the facts when he gives his opinion. It is his way of stating them. Such testimony is admitted from necessity. A witness can seldom give in detail all the points and particles which go to make up his belief, but he can characterize them:" Stacy v. Portland Publishing Co., 68 Me. 279.

"Whether a person is drunk is a question which a person not an expert is competent to answer, as this is something which may be fairly considered to be a matter of common knowledge:" Burt v. Burt, 168 Mass. 204. "The witnesses were rightly allowed to testify whether the plaintiff was intoxicated. It was not a matter of opinion any more than questions of distance, size, color, weight, identity, age and many other similar matters are:" Edwards v. Worcester, 172 Mass. 104.

"Under proper circumstances a common witness may testify directly as to sanity . . . . and whether a person was drunk or sober:" Gallagher v. The People, 120 Ill. 179.

And see State v. Huxford, 47 Iowa, 16; Hardy v. Merrill, 56 N. H. 227; Sydleman v. Beckwith, 43 Conn. 9; Choice v. State, 31 Ga. 424 (467) and Elam v. State, 25 Ala. 53.

Judgment affirmed and record remitted for purpose of execution.