## Commonwealth v. Waugh et al.

*Thomas E. Waters*, Assistant District Attorney, for plaintiff.

*Milton Jacobson* and *Harry R. Back*, for defendants.

DANNEHOWER, J., January 22, 1946.—One of the defendants, William H. Waugh, Jr., was indicted, tried and convicted by a jury of two misdemeanors: (1) Permitting another person to operate a motor vehicle while under the influence of intoxicating liquor, and (2) operating a motor vehicle while under the influence of intoxicating liquor. The other defendant, Marion Coleman, his female companion, tried at the same time, was found guilty by the same jury of operating a motor vehicle while under the influence of intoxicating liquor.

When the Commonwealth had closed its case, defendants demurred. The trial judge overruled the demurrers, whereupon defendants offered no evidence whatever, and were convicted. Each defendant has filed a motion in arrest of judgment and for new trial, on the ground that the Commonwealth failed to prove the corpus delicti before the admissions of either de-

fendant were admissible; that the opinions of police officers as to the intoxication of both defendants were inadmissible, and that all the evidence was insufficient as a matter of law to support verdicts of guilty.

After argument, these · motions are pending for decision.

A fair statement of the Commonwealth's testimony discloses that on Sunday evening, April 1, 1945, at about 7:30 o'clock, the Springfield Township police received radio information that an accident had occurred on Station Avenue, North Hills, and two police cars immediately proceeded to the scene. Officer Tellison found some people standing around an automobile off the north side of the roadway, with the right wheels in the weeds and the left wheels barely on the highway. The right front fender, headlight, grill and radiator were damaged. About 125 feet to the rear of the car, a telephone pole, which was erected four feet off the highway, was snapped off at its base, and was laying across the highway, with a piece between the automobile and the base of the pole. The high-tension wires were down on the roadway, and the electric company was notified by the police officers and traffic guards posted. The officer further observed tracks along the weeds from Wood Street, where the weeds had been pressed down, on the extreme right side of Station Avenue, leading through the pole and for 125 feet beyond to the rear of the disabled automobile. He also saw the defendant, Waugh, intoxicated, leaning against the radiator of the car, which was just off the roadway.

Officer Claffey testified that he saw Waugh leaning against the front right fender of the damaged car; that Waugh produced an owner's registration card for the Terraplane sedan which corresponded with the license number on the automobile; and that both defendants were under the influence of intoxicating liquor.

In the police station Chief White talked to Waugh, who told him that he had operated his car on Station

Avenue; that he permitted his companion, who was learning to drive, to operate his car, and that she was operating when the car hit the pole. Defendant Coleman told the chief that she was learning to drive; that she asked Waugh to permit her to drive as they came to Station Avenue; that she put the car in first gear and immediately hit the pole.

Dr. Ramsey examined both defendants between 8:10 p.m. and 8:15 that evening, and after giving each standard tests pronounced both under the influence of intoxicating liquor.

The main point relied upon by the defense is that the admission of testimony of the police officers, as to the admissions of each defendant, violated the rule that such confessions cannot be received in evidence until after the corpus delicti has been proved. But counsel misconstrues the meaning of the term "corpus delicti". There is no requirement in Pennsylvania law that the accused be identified with the crime as a prerequisite to offering and having received in evidence admissions made by him. The Supreme Court, in defining "corpus delicti", has said, in Commonwealth v. Chuing, 150 Pa. Superior Ct. 445, 450 (quoting from Commonwealth v. Gardner, 282 Pa. 458):

"It includes (1) the occurrence of the specific *kind* of injury charged, and (2) *somebody's* criminality as the source of the injury. But it has not extended it so as to include the third element, i. e., the *accused's* agency as the *doer* of the crime. While proof of that— that is, his guilt—is an essential requisite in order to convict the accused, it does not form part of the 'corpus delicti'." (Italics supplied.)

The rule in force in this Commonwealth was well stated by Mr. Justice Kephart in Commonwealth v. Gardner, 282 Pa. 458, 463; 128 A. 87:

"To avoid the injustice of a conviction where no crime exists, the law has adopted a rule of caution which holds that the corpus delicti must be proven be-

fore a conviction can stand. This is emphasized where the State's case depends on a confession by defendant. The fact that *a crime has been committed by someone* must be shown before the confession will be received. . . . The person for whose death a prosecution is instituted may be alive, so evidence that he or she is in fact dead is imperative. As death may have resulted from a cause other than a felonious act, there must be evidence that it occurred under circumstances *which point to the commission of a crime. In this manner the corpus delicti is shown.* In some States the term corpus delicti includes only the first of the above elements, namely, an injury or loss. But in this and most of the States it covers in addition criminal agency causing the injury or loss. . . ." (Italics supplied.)

Furthermore, in Commonwealth v. Turza, 340 Pa. 128, at page 135, it is well said:

" 'It sometimes happens the circumstances attending the act may be consistent with crime, suicide or accident. In such cases, the corpus delicti is proven where the circumstances attending the death are consistent with crime, though they may also be consistent with accident (Commonwealth v. Johnson, 162 Pa. 63), or suicide (Zell v. Com., 94 Pa. 258), and it is not necessary to show by affirmative proof that the latter two possibilities do not exist before evidence as to who did the act is admitted. . . . There is no rule of criminal law which requires absolute certainty about this or any other question of fact. If it were otherwise, it would be impossible to convict of any offense in any case. All that the law requires is that the corpus delicti shall be proved as any other fact, that is, beyond a reasonable doubt, and that doubt is for the jury.' "

Moreover, the evidence to support corpus delicti may be circumstantial evidence: Commonwealth v. Lettrich, 346 Pa. 497.

In the present case the Commonwealth's uncontradicted evidence shows a visibly intoxicated registered

owner of an automobile, off the roadway, leaning against the front, a presumption under The Vehicle Code that he was the operator; a badly damaged automobile leaving tracks through the weeds and through a telephone pole which was broken and lying on the public highway; a high-tension wire down, and an intoxicated lady friend, facts clearly consistent with a recent automobile accident, a specific kind of injury and somebody's criminality as the source of the injury. Such facts might well be consistent with accident, but that still does not affect the Commonwealth's proof of corpus delicti.

Thereafter defendant owner admitted that he had operated his automobile on the same street a short time before the collision, and had permitted the female defendant, who was learning to drive, to operate his car immediately before the collision occurred, when the car was still in first gear. The other defendant admitted she operated the car at the time of the collision.

The corpus delicti having been properly and sufficiently established, defendants' own statements and admissions were undoubtedly properly received as evidence against them, and there was no error when the trial judge overruled defendants' demurrers.

Counsel for the defendants cannot seriously contend that police officers, lay witnesses, are incompetent to testify on the subject of another's intoxication. Under proper circumstances a common or lay witness may testify directly as to sanity, distance, size, color, weight, identity, age, and whether a person was drunk or sober, all of which may be considered as matters of common knowledge: Commonwealth v. Eyler, 217 Pa. 512. Hence it is proper that any witness who has actual knowledge and observation of an occurrence should be allowed to supplement his description by his opinion.

The remaining alleged errors were not pressed and are without merit.

These defendants received a fair trial, and the verdicts are supported by abundant and uncontradicted testimony.

And now, January 22, 1946, for the foregoing reasons, defendants' motions for new trials and in arrest of judgment are hereby overruled and refused, and both defendants are directed to appear in Court Room C on Friday, February 1, 1946, at 10 o'clock a.m. for sentence. Exceptions are allowed.