McMahon *v.* Young, Appellant.

Argued January 8, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*John C. Youngman, Sr.,* with him *Candor, Youngman, Gibson & Gault,* for appellant.

*Patrick H. Fierro,* with him *Fierro & Miele,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, April 22, 1971:

On December 28, 1964, while proceeding south on U. S. Route 15 near Williamsport, Pennsylvania, Helen McMahon stopped to make a left turn into a supermarket. Mary Young, appellant, also in the southbound passing lane, did not notice soon enough that the McMahon car had stopped and collided with it. Mrs. McMahon and her husband brought suit to recover damages resulting from physical injuries to Mrs. McMahon and won a $20,000 verdict from the jury. After denial of motions for a new trial and entry of judgment on the verdict, Mary Young appealed.

This case is another in the series of Pennsylvania cases which feature the conflict between medical vocabulary and the rules of evidence. Mrs. McMahon's physician testified that Mrs. McMahon suffered from an arthritic condition caused by a narrowing of the space between the fifth and sixth cervical vertebra. On the question of whether this condition was caused by the accident, the doctor used the following language at different times in his testimony:

(1) "[the automobile accident] is consistent with that sort of injury,"

(2) "there is probably a cause and effect relationship,"

(3) "my opinion is there is an arthritis which is consistent with traumatic arthritis."

Appellant contends that expert testimony of this nature is inadmissible to prove causation. We agree. As we said in *Menarde v. Philadelphia Trans. Co.,* 376

Pa. 497, 103 A. 2d 681 (1954), summarizing the case law on the subject: "... [T]he expert has to testify, not that the condition of claimant might have, or even probably did, come from the accident, but that in his professional opinion the result in question came from the cause alleged. A less direct expression of opinion falls below the required standard of proof and does not constitute legally competent evidence (citing cases)."

The issue is not merely one of semantics. There is a logical reason for the rule. The opinion of a medical expert is evidence. If the fact finder chooses to believe it, he can find as fact what the expert gave as an opinion. For a fact finder to award damages for a particular condition to a plaintiff, it must find as a fact that that condition was legally caused by the defendant's conduct. Here, the only evidence offered was that it was "probably" caused, and that is not enough. Perhaps in the world of medicine nothing is absolutely certain. Nevertheless, doctors must make decisions in their own profession every day based on their own expert opinions. Physicians must understand that it is the intent of our law that if the plaintiff's medical expert cannot form an opinion with sufficient certainty so as to make a medical judgment, there is nothing on the record with which a jury can make a decision with sufficient certainty so as to make a legal judgment.

Because Mrs. McMahon's doctor's testimony was not made with sufficient certainty, it was not legally competent evidence and a new trial must be granted.

A new trial must be granted for an additional reason. The court's original charge to the jury failed to discuss the duties of a driver stopping to make a left turn and of the driver behind in preventing a rear-end collision such as the one which occurred in this case. Upon the request of the appellees, the judge did then discuss the duty of the driver behind as discussed in

*Meek v. Allen,* 162 Pa. Superior Ct. 495, 58 A. 2d 370 (1948). However, the court failed to honor the request of the appellant's counsel that he also discuss the duty of a driver who has stopped to make a left turn as set forth in The Vehicle Code, Act of 1959, P. L. 58, §1012, as amended, September 16, 1961, P. L. 1373, §4, 75 P.S. §1012(a) and (b), which read in part as follows:

"(a) The driver of any vehicle upon a highway before . . . stopping, turning from a direct line . . . shall first see that such movement can be made with safety. . . . Before making any such vehicle movement, the driver shall give a plainly visible signal in the manner described in this section. The signal shall be given one hundred (100) feet in advance of and during the turning movement or a lane change. The signal shall be given prior to movement of the vehicle. . . .

"(b) The signal to indicate . . . turning . . . shall be given by flashing front and *rear* signal lamps on or at the side toward which the turn or other vehicle movement is made. . . ." (Emphasis supplied.)

The court en banc, in its opinion, explained that it was not error to refuse the request because: "The accident in this case did not occur because of a turn; Mrs. McMahon did not make a turn, nor did she begin to do so. Assuming that Mrs. McMahon did not operate her turn signals, we do not see that this omission was legally contributory to the accident." However, proximate cause is for the jury. If Mrs. McMahon's decision to stop was reached suddenly without warning, a jury might have found a proximate causal relationship between the lack of warning and the appellant's failure to stop in time to avoid hitting Mrs. McMahon's car. This would depend on how fast the appellant was found to be driving and how much distance she was found to have kept between her car and Mrs. McMahon's car.

Judgment reversed, new trial granted.

Mr. Justice POMEROY concurs in the result.