389 A.2d 1081

COMMONWEALTH of Pennsylvania

v.

**Andrew C. HUGHES, Appellant.**

Supreme Court of Pennsylvania.

Argued March 13, 1978.

Decided July 26, 1978.

Russell J. Heiple, Johnstown, for appellant.

D. Gerard Long, Dist. Atty., David J. Tulowitzki, Ebensburg, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Andrew C. Hughes, was convicted by a jury of murder of the third degree for the shooting death of Robert Stephens. Post-verdict motions were denied, and appellant was sentenced to a prison term of ten to twenty years. This direct appeal followed.

The facts are as follows. On October 10, 1975, appellant, while driving his own automobile, encountered an automobile driven by Robert Stephens, the victim, at a particularly narrow passage of Ebensburg Road in the city of Johnstown. As both cars arrived at the spot simultaneously, neither was able to pass. Following a verbal exchange, appellant backed his car into a side street and allowed Stephens to pass.

Shortly thereafter, appellant was seen in a parking lot of the Frontier Club on Ebensburg Road. As Stephens walked past appellant's car, appellant jumped out, brandishing a .45 caliber handgun. He shot the victim five times in the chest and abdomen. Stephens died two days later.

■ Appellant first claims that he is entitled to a new trial because the trial court improperly substituted *its* trial notes for a lost portion of the transcript. The facts are as follows.

The stenographer originally assigned to this case became ill during the first day of trial. She was replaced by a second stenographer, who completed the trial. The notes from the first day of trial, which included testimony of Christine Stephens, the victim's wife, and Trooper Darryl Mayfield, a ballistics expert, were misplaced and never found.

On August 18, 1976, a hearing to supply the missing portions of the transcript was held. The trial court proposed filing *its* notes of the testimony, giving both the prosecution and defense an opportunity to make changes. The court then proposed to file a certificate, summarizing each witness' testimony. Defense counsel objected generally and moved for a new trial. The court overruled the objection and denied the request for a new trial. The court then proceeded with its proposed procedure. Defense counsel offered no statement or changes to the trial court's notes.

Pennsylvania Rule of Appellate Procedure 1923 provides:

"If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within ten days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the lower court for settlement and approval and as settled and approved shall be included by the clerk of the lower court in the record on appeal."

Appellant argues that since this rule was not followed, he is entitled to a new trial. We do not agree.

At the time of the hearing to supply the missing portions of the transcript, Pa.R.A.P. 1923 had been in effect for over six weeks. Appellant, however, never objected on the grounds that the court's proposed procedure violated the rule. Under circumstances such as these, appellant cannot now complain of the failure to follow Rule 1923.[1] See *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

Appellant next complains that the trial court erred in refusing his requested point for charge relating to self-defense. Appellant requested that the court charge the jury

1. While the procedure set forth in Rule 1923 was not followed, appellant was given the opportunity to have his recollection of the testimony incorporated into the record. However, he chose to add nothing and thus suffered no prejudice.

in compliance with our decision in *Commonwealth v. Cropper,* 463 Pa. 529, 345 A.2d 645 (1975), where we held that the burden was on the Commonwealth to prove beyond a reasonable doubt that a defendant was not acting in self-defense. While not using the specific language of *Cropper,* the court, at the end of its charge on self-defense, did state:

"Members of the jury, you will decide if the killing was justified in self-defense or if it was not, bearing in mind again that the Commonwealth's burden is to satisfy beyond a reasonable doubt of all the elements of the crime, or crimes, before you can find the defendant guilty. If you are satisfied beyond a reasonable doubt that the Commonwealth has proved all of these elements beyond a reasonable doubt; that the elements have been proven by the Commonwealth, then you could be satisfied or find that he did not act in self-defense."

As we stated in *Commonwealth v. McComb,* 462 Pa. 504, 509, 341 A.2d 496, 498 (1975):

". . . [T]he trial court is not required to accept the language of the point submitted by counsel but rather is free to select its own form of expression. The only issue is whether the area is adequately, accurately and clearly presented to the jury for their consideration."

We believe the court's charge was an adequate, accurate and clear statement of the law relating to the Commonwealth's burden of proof. See *Commonwealth v. Heatherington,* 477 Pa. 562, 385 A.2d 338 (1978).

Appellant next alleges that the trial court erred in sustaining the Commonwealth's objection to the opinion of a defense witness that appellant was or was not intoxicated. The witness testified that he was talking to appellant "shortly before the incident"[2] in the Frontier Club. He testified that appellant's speech was "slightly slurred," that he "seemed to kinda high step" and that while talking, appellant "swayed like back and forth." The witness was

2. The witness was not able to recall the exact time of the conversation.

then asked if he believed appellant was intoxicated. The Commonwealth's objection was immediately sustained.

While a lay-witness may be qualified to express an opinion on another's intoxication, a witness must have sufficient facts on which to base his opinion. *Commonwealth v. Eyler,* 217 Pa. 512, 66 A. 746 (1907). In the instant case, however, the witness was equivocal when testifying as to the underlying facts. As such, the trial court properly excluded the witness' opinion on appellant's intoxication.

Appellant next argues that the trial court erred in instructing the jury to disregard the testimony of a defense psychiatrist. We do not agree. Following examination on preliminary matters, the following exchange occurred:

"Q. [Defense counsel] Doctor, from your interview, your testing and all else, you formed an opinion as to whether or not Mr. Hughes had a mental disease or defect of the mind at the time of this incident which prevented him from knowing whether his conduct was right or wrong, or which prevented him from knowing what he was doing?

"A. [Psychiatrist] I have no definitive opinion about that. All I am trying to relate here is that it could have happened, not that I have an opinion whether it did or not."

A prosecution objection was sustained, examination of the witness was stopped, and the jury was instructed to disregard the psychiatrist's entire testimony.

In *McMahon v. Young,* 442 Pa. 484, 486, 276 A.2d 534, 535 (1971):

"As we said in *Menarde v. Philadelphia Trans. Co.,* 376 Pa. 497, 103 A.2d 681 (1954), summarizing the case law on the subject: '. . . [T]he expert has to testify, not that the condition of claimant might have, or even probably did, come from the accident, but that in his professional opinion the result in question came from the cause alleged. A less direct expression of opinion falls below the required standard of proof and does not constitute legally competent evidence (citing cases).'

"The issue is not merely one of semantics. There is a logical reason for the rule. The opinion of a medical expert is evidence. If the fact finder chooses to believe it, he can find as fact what the expert gave as an opinion. For a fact finder to award damages for a particular condition to a plaintiff, it must find as a fact that that condition was legally caused by the defendant's conduct. Here, the only evidence offered was that it was 'probably' caused, and that is not enough. Perhaps in the world of medicine nothing is absolutely certain. Nevertheless, doctors must make decisions in their own profession every day based on their own expert opinions. Physicians must understand that *it is the intent of our law that if the plaintiff's medical expert cannot form an opinion with sufficient certainty so as to make a medical judgment, there is nothing on the record with which a jury can make a decision with sufficient certainty so as to make a legal judgment.*" (Emphasis added.)

As the psychiatrist was unable to give any opinion of appellant's sanity or insanity at the time of the offense, his testimony was properly stricken. Compare *Commonwealth v. Hamilton,* 459 Pa. 304, 329 A.2d 212 (1974).

Appellant finally contends that the court erred in refusing his requested charge on insanity. As we stated in *Commonwealth v. Demmitt,* 456 Pa. 475, 483, 321 A.2d 627, 632 (1974), "There must be evidence in the case from whatever source that he did not know the nature and quality of his act or that he didn't know that it was wrong." Our review of the testimony reveals that the only testimony concerning insanity was the properly stricken testimony of the defense psychiatrist; therefore, the court properly refused to charge on the issue. *Commonwealth v. Brown,* 462 Pa. 578, 342 A.2d 84 (1975).

Judgment of sentence affirmed.

ROBERTS, J., files a concurring opinion.

POMEROY, J., concurs in the result.

318

NIX, J., concurs in the result.

MANDERINO, J., files a dissenting opinion.

ROBERTS, Justice, concurring.

I agree with the majority that because appellant did not object to the trial court's procedure for reconstructing the transcript, he may not on appeal raise as error the trial court's alleged failure to comply with Pa.R.A.P. 1923. Nonetheless, I think it worthwhile to point out that an appellant has a constitutional right to a transcript or an equivalent "picture" of the proceedings. *Commonwealth v. Fields*, 478 Pa. 479, 387 A.2d 83 (1978); *Commonwealth v. Shields*, 477 Pa. 105, 383 A.2d 844 (1978); *Commonwealth v. Goldsmith*, 452 Pa. 22, 304 A.2d 478 (1973); *Commonwealth v. Norman*, 447 Pa. 515, 291 A.2d 112 (1972); *Commonwealth v. DeSimone*, 447 Pa. 380, 290 A.2d 93 (1972); *Commonwealth v. Anderson*, 441 Pa. 483, 272 A.2d 877 (1971). Thus, if Pa.R.A.P. 1923 does not provide all the relief the constitution grants, an appellant asserting this constitutional right need neither invoke the Rule nor allege any failure to comply with it. Cf. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (defendant has constitutional right to exculpatory material in possession of prosecution, regardless of restrictions created by rules of procedure). Appellant, however, has not asserted any violation of his constitutional right to a transcript of the proceedings. I therefore concur in the result.

MANDERINO, Justice, dissenting.

I dissent. I am at a complete loss to understand the majority's treatment of appellant's claim that the trial court erred in refusing to allow a defense witness to testify whether appellant was intoxicated prior to the killing.

The majority concedes that a lay witness may be qualified to express an opinion on another's intoxication. The majority, however, upholds the trial court's refusal to allow the opinion in this case on the ground that the witness was "equivocal" when he testified to the facts upon which he

was prepared to give his opinion. There was nothing equivocal about the facts to which the witness testified. Equivocal means indeterminate, ambiguous, inconclusive, ambivalent, obscure and other things all indicating fuzziness. In this case there was nothing equivocal about the witness's testimony concerning his observation of the appellant.

The witness spoke with appellant shortly before the incident, observed his demeanor, took note of his slightly slurred speech, observed his unsteady movements, and made other pertinent observations on appellant's condition shortly prior to the shooting. If this lay witness was not qualified to give an opinion on whether or not appellant was intoxicated or not, I do not know who would be.

The majority opinion turns its back on well-settled law in probably all American jurisdictions that only a *minimal* foundation of underlying facts need be presented before a witness is allowed to give an opinion when the opinion concerns the corporal appearances of persons or things. Wigmore points out that a witness should not be prohibited from giving a "compendious description" when the corporal appearances of persons or things are at issue. He specifically refers to opinions concerning a person who looks ill, sad, old, or *intoxicated.* In speaking of courts that prohibit compendious descriptions of corporal appearances, including intoxication, Wigmore states:

> "The exclusionary rulings here abound particularly in absurdities and quibbles—highly fit for cynical amusement, were not the names of Justice and Truth involved in their consideration. One may wonder how long these solemn farces will be perpetrated in our law." 7 Wigmore, Evidence § 1974 (1978).

In Section 1975 of Volume 7, Wigmore concludes his discussion by observing that:

> "[T]here often appears a special perversity in requiring the minutest analysis of the observer's data instead of accepting his net conclusions."

We have found no case in Pennsylvania which has not followed the Wigmore view. In fact, *Commonwealth v.*

*Eyler*, 217 Pa. 512, 66 A. 746 (1907), cited by the majority, stands for the exact proposition which the majority overrules. *See also Commonwealth v. Boyd*, 246 Pa. 529, 92 A. 705 (1914).

There are certain opinions which are almost factual in nature and involve the type of opinion which the layman automatically formulates accurately even though articulation of the underlying descriptive facts is difficult. In these areas the law has consistently permitted the compendious description. The witness in this case *was able* to give specific underlying descriptive facts. Even without such specificity, an opinion as to intoxication should be permitted. *Commonwealth v. Eyler*, 217 Pa. 512, 66 A. 746 (1907); *Commonwealth v. Boyd*, 246 Pa. 529, 92 A. 705 (1914); 7 Wigmore, Evidence §§ 1974–75 (1978). The validity of the intoxication opinion can, of course, be challenged through cross-examination concerning the underlying fact upon which the opinion is based. The trial court's refusal in this case to allow the witness to give an intoxication opinion, and this Court's affirmance of that refusal, demonstrate the absurdity of which Professor Wigmore speaks.

I must also dissent from the majority's conclusion that appellant is foreclosed from assigning as error the trial court's noncompliance with Rule 1923 in its attempt to supply the missing portions of the transcript. The majority so holds because the Rule was in effect for six weeks at the time of the hearing and appellant did not specifically object on the ground that the trial court's procedure violated the Rule. This is absurd. Appellant objected *generally* and moved for a mistrial. Our Rules of Appellate Procedure are directives to the *bench* as well as the bar. The trial court made absolutely no effort to determine whether its proposal for supplying the missing transcript complied with the Rule; it simply overruled appellant's objection and proceeded with its proposed procedure. Yet the majority holds that appellant cannot now complain of the trial court's noncompliance.

In my view, appellant's general objection was sufficient to alert the trial court to inquire further into whether its

proposed procedure comported with Rule 1923. The procedure clearly did not comport with the Rule and appellant was denied due process of law when his objection to the trial court's procedure was overruled.

A general objection is always valid and effective, except when considering the admissibility of evidence that is admissible for a reason not specifically objected to by counsel and thus not called to the trial court's attention. The majority's reference to counsel's objection is completely without legal significance.