437 A.2d 1004

Doris CORRELL

v.

Robert WERNER and Jo Anne Finken, Additional Defendant.

Appeal of Robert WERNER.

Marvin McCAMMON, a minor, by his Parent and Natural
Guardian, Betty McCammon, and Betty
McCammon, Individual

v.

Robert WERNER and Jo Anne Finken and Doris Correll.

Appeal of Robert WERNER.

Jo Anne FINKEN,

v.

Robert WERNER, Appellant.

Superior Court of Pennsylvania.

Argued Jan. 7, 1981.

Filed Nov. 30, 1981.

Thomas F. Traud, Jr., Allentown, for appellant.

Kevin J. Kelleher, Easton, for appellees.

Before PRICE, MONTEMURO and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in directing verdicts for appellees in these vehicular negligence actions because the issue of contributory negligence should have been submitted to the jury.[1] We agree and, accordingly, reverse the judgments of the court below and remand for a new trial.

"In our Commonwealth, it has long been held that only in a case where the facts are all clear, and there is no room for doubt, should the case be removed from the jury's consideration, and a motion for a directed verdict or binding instructions be granted." *Stephens v. Carrara*, 265 Pa. Superior Ct. 102, 105, 401 A.2d 821, 822 (1979) (citation omitted). "[O]n a motion for a directed verdict, the court must accept as true all facts and proper inferences which tend to support the contention of the party against whom the motion has been made and must reject all testimony and differences [sic] to the contrary." *Cox v. Equitable Gas Co.*, 227 Pa. Superior Ct. 153, 155, 324 A.2d 516, 518 (1974) (citations omitted). *See also McElhinny v. Iliff*, 436 Pa. 506, 511, 260 A.2d 739, 741 (1970). So viewed, the facts may be stated as follows.

At approximately four o'clock on a Friday afternoon, appellant's automobile struck the rear of appellees' automobile on Route 191, a two-lane highway, in Bangor, Pennsylvania. Appellant testified that he had been driving southward at thirty to thirty-five miles per hour when he first

---

1. This case arose before the effective date of the comparative negligence statute, Act of July 9, 1976, P.L. 855, No. 152, §§ 1–2, 17 P.S. §§ 2101–2102 (repealed and substantially reenacted by the Act of April 28, 1978, P.L. 202, No. 53, § 10(19), as amended, 42 Pa.C.S.A. § 1702, et seq.). *See Costa v. Lair*, 241 Pa. Superior Ct. 517, 363 A.2d 1313 (1976) (comparative negligence inapplicable to causes of action accruing before September 7, 1976).

noticed appellees' automobile about two hundred feet ahead. Appellant did not then know whether the car was stationary or moving. Appellant next noticed it when he was one or two car lengths behind. He immediately applied his brakes, but could not stop his automobile before colliding with appellees' automobile. Appellant testified also that he never saw appellees' brake lights, turn signals, or hand signals. A policeman who had been about seventy-five to one hundred feet from the scene testified that he saw appellees' automobile drive by, followed about ten seconds later by appellant's automobile, and that he never saw appellees' brake lights or turn signals before the accident. The officer testified also that he recognized appellees' automobile having stopped it two days earlier for defective brake lights and turn signals. Another policeman testified that the turn signals and brake lights did not work after the accident.

At the close of testimony, the lower court directed verdicts against appellant on the issue of liability, ruling that appellees' contributory negligence could not be submitted to the jury because the lack of appropriate signals was not a proximate cause of the accident. We disagree. " 'The rules which determine the causal relation between the plaintiff's negligent conduct and the harm resulting to him are the same as those determining the causal relation between the defendant's negligent conduct and resulting harm to others.' " *Cebulski v. Lehigh Valley Railroad Co.*, 441 Pa. 230, 233–34, 272 A.2d 171, 173 (1971), quoting Restatement (Second) of Torts, § 465(2) (1965). In *Hamil v. Bashline*, 481 Pa. 256, 392 A.2d 1280 (1978), our Supreme Court restated the salient principles of proximate causation:

It is settled in the law that except in rare situations not here involved the mere occurrence of an injury does not prove negligence and that an admittedly negligent act does not necessarily entail liability; rather even when it is established that the defendant breached some duty of care owed the plaintiff, it is incumbent on a plaintiff to establish a causal connection between defendant's conduct and the plaintiff's injury. Stated another way, the defend-

ant's conduct must be shown to have been the proximate cause of plaintiff's injury.... Proximate cause is a term of art denoting the point at which legal responsibility attaches for the harm to another arising out of some act of defendant, ... and it may be established by evidence that the defendant's negligent act or failure to act was a substantial factor in bringing about the plaintiff's harm.... The defendant's negligent conduct may not, however, be found to be a substantial cause where the plaintiff's injury would have been sustained even in the absence of negligence.

*Id.*, 481 Pa. at 264–65, 392 A.2d at 1284 (citations omitted throughout). *See also Takach v. B.M. Root Co.*, 279 Pa. Superior Ct. 167, 170–71, 420 A.2d 1084, 1086–87 (1980) (distinguishing "but for" standard from "substantial factor" standard). Thus, a plaintiff's contributory negligence will bar his recovery if it was a substantial factor in bringing about his injury. *See, e.g.*, Restatement (Second) of Torts, *supra* § 465(1). If the accident would have occurred even if appellees had not been contributorily negligent, then such contributory negligence would not be a substantial factor. *Hamil v. Bashline, supra*; Restatement (Second) of Torts, *supra* § 432(1). Viewing the record, as we must, in the light most favorable to appellant, we cannot conclude that the facts clearly show that this accident would have occurred even if appellees had properly signalled their intention to stop and turn. *See McMahon v. Young*, 442 Pa. 484, 276 A.2d 534 (1971) (trial court erred in failing to submit contributory negligence issue to jury when plaintiff-driver had failed to signal intention to stop and turn left before being struck from behind by defendant). In *McMahon*, as here, the trial court refused to instruct the jury of the plaintiff-driver's duty to signal. In reversing, the Court stated:

The court en banc, in its opinion, explained that it was not error to refuse the request because: "The accident in this case did not occur because of a turn; Mrs. McMahon did not make a turn, nor did she begin to do so. Assuming that Mrs. McMahon did not operate her turn signals, we do not see that this omission was legally contributory to

the accident." *However, proximate cause is for the jury.* If Mrs. McMahon's decision to stop was reached suddenly without warning, a jury might have found a proximate causal relationship between the lack of warning and the appellant's failure to stop in time to avoid hitting Mrs. McMahon's car. This would depend on how fast the appellant was found to be driving and how much distance she was found to have kept between her car and Mrs. McMahon's car.

*Id.*, 442 Pa. at 487, 276 A.2d at 536 (emphasis added). Consequently, we hold that the court below should have submitted the issue of contributory negligence to the jury.[2]

Judgments reversed and case remanded for a new trial.

PRICE, J., did not participate in the consideration or decision of this case.

2. At retrial, the lower court should allow the jury to consider appellee-driver's contributory negligence vis-a-vis her own cause of action, and her alleged negligence vis-a-vis the two appellee-passengers. We note, however, that the lower court should *not* allow the jury to consider contributory negligence on the part of appellee-passengers absent evidence of their *own* contributory negligence as opposed to the negligence of appellee-driver. *See Thomas v. Tomay,* 413 Pa. 270, 273, 196 A.2d 740, 742 (1964).