317 Pa. Superior Ct. 244 (1983)
463 A.2d 1176
Donald KEELER
v.
INTERNATIONAL HARVESTER USED TRUCK CENTER, Harold B. Terry, Individually and t/d/b/a Terry Truck Center and James W. Eck.
Appeal of James W. ECK.
Supreme Court of Pennsylvania.
Argued November 3, 1982.
Filed July 29, 1983.
*245 Emerson E. Yaw, Williamsport, for appellant.
Joseph Musto, Wilkes-Barre, for appellee.
Before ROWLEY, HOFFMAN and VAN der VOORT, JJ.
PER CURIAM:
This appeal arises out of an action for breach of express and implied warranties brought by Appellee Keeler against International Harvester Used Truck Center, Harold B. Terry and Appellant James W. Eck.
The action concerned a used 1975 Kenworth truck tractor which appellee had purchased from Terry in September of *246 1979. Terry had purchased the truck, for resale, from International Harvester in June of 1979. Appellant Eck advanced the money to Terry for the purchase of the truck. Title was placed in appellant's name. Terry and appellant agreed to split the profits from the resale. The possibility of a loss was not discussed. It was undisputed, however, that appellant was to be repaid the entire amount that he had advanced to Terry. Appellee claimed that the relationship between Terry and appellant constituted a joint venture with respect to the sale of the truck. If appellee is correct, appellant would be jointly liable with Terry for any breach of warranty. Appellant, on the other hand, maintained that his relationship with Terry was merely that of creditor and debtor.
At the conclusion of the trial, the court ruled, sua sponte, that the relationship between Terry and appellant was, as a matter of law, a joint venture and instructed the jury that if Terry was liable then appellant was also liable. In essence the court directed a verdict against Eck on the crucial issue of whether a joint venture existed. The jury returned a verdict for appellee against Terry and appellant in the amount of $52,102.00. No liability was found on the part of International Harvester. Post-trial motions were filed and denied. Terry did not appeal. This appeal by Eck is from the trial court's order entering judgment on the verdict.
The sole issue raised on appeal is whether the court erred in ruling that a joint venture existed as a matter of law. We agree with appellant that the question of whether a joint venture existed in this case should have been submitted to the jury. What constitutes a joint venture is a question of law; but whether a joint venture exists is generally a question of fact. 46 Am.Jur.2d Joint Ventures § 7.
To constitute a joint venture, certain factors are essential:
1) Each party to the venture must make a contribution, not necessarily of capital, but by way of services, skill, knowledge, materials or money;
2) Profits must be shared among the parties;

*247 3) There must be a joint proprietary interest and a right of mutual control over the subject matter of the enterprise;
4) Usually, there is a single business transaction rather than a general and continuous transaction.
McRoberts v. Phelps, 391 Pa. 591, 138 A.2d 439 (1958).
The trial court is correct in pointing out that evidence of all the above-mentioned factors was introduced at trial. However, this merely means that the jury could find that a joint venture existed. It does not mean, however, that they must make such a finding.
The existence of a joint venture depends on the facts and circumstances of each particular case. Id., 391 Pa. at 600, 138 A.2d at 444. It's existence or non-existence depends upon what the parties intended in associating together. Id., 391 Pa. at 598, 138 A.2d at 443.
In this case, what the parties intended when entering into their oral agreement was in dispute. This was an issue of fact and therefore was for the jury to resolve. Martin v. Soblotny, 296 Pa.Super. 145, 442 A.2d 700 (1982). There was sufficient evidence from which the jury could have inferred that the parties intended a joint venture with respect to the sale of the truck. On the other hand, there was testimony which would have supported a finding that no joint venture existed and that the relationship was merely that of debtor and creditor. When the trial court is presented with a choice between two reasonable inferences, the case must be submitted to the jury. Lavely v. Wolota, 253 Pa.Super. 196, 384 A.2d 1298 (1978). When deciding whether or not to direct a verdict against a party, the trial court is required to view the evidence in the light most favorable to the party against whom the verdict is directed. The court must accept as true all evidence and proper inferences therefrom which tend to support the contention of the party against whom the ruling is made. All contrary evidence and inferences must be disregarded. Correll v. Werner, 293 Pa.Super. 88, 437 A.2d 1004 (1981). Viewed in *248 this light, the record in this case does not support the trial court's ruling.
Order reversed and case remanded for a new trial.