550 A.2d 787

COMMONWEALTH of Pennsylvania

v.

**Robert J. BURROWS, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 24, 1988.

Filed Nov. 7, 1988.

Francis John Constantine, Erie, for appellant.

John J. Trucilla, Assistant District Attorney, Erie, for Com.

Before McEWEN, DEL SOLE and JOHNSON, JJ.

JOHNSON, Judge:

We are challenged to consider the proper remedy when a criminal trial transcript is not available, through no fault of the defendant, and appellate defense counsel has refused to avail himself of the provisions of Rule of Appellate Procedure 1923, providing for an agreed upon statement of the record.

Appellate counsel argues that the case should be remanded for retrial on the basis that the trial transcript is unavailable and meaningful appellate review is impossible. The Commonwealth responds that the case should be remanded for preparation of a trial transcript or for reconstruction of

the trial proceedings to provide an equivalent picture. Following our careful review of the record, we are constrained to disagree with both formulations. We, therefore, affirm.

After a one-day trial without jury, Robert J. Burrows was convicted on one count each of retail theft and criminal conspiracy. Motions for a new trial and in arrest of judgment were filed and denied. Burrows was sentenced to 3–½ to 7 years' imprisonment, the conviction for retail theft having been a third or subsequent offense. *See* 18 Pa.C.S. § 3929(b)(1)(iv) (third degree felony). A motion to modify sentence was denied on December 31, 1985.

Up to this point, Burrows was represented by the Public Defender, in the person of Michelle Hawk.

On January 17, 1986, Francis J. Constantine entered his appearance for Burrows and filed a notice of appeal in the court of common pleas from the judgment of sentence. The same day, new appellate counsel filed an order, dated January 16, 1986, permitting Burrows to proceed *in forma pauperis* on this appeal.

The notice of appeal was docketed in the Superior Court on January 21, 1986, along with the *in forma pauperis* order.

From the record, no further activity appears to have taken place until May 11, 1987. On that date, the Honorable Richard L. Nygaard wrote to appellate defense counsel, Constantine, informing him that the transcript of the trial of October 10, 1985 had not been filed. Judge Nygaard further informed counsel that the court stenographer, Donna Dratwa, was no longer employed by the county and was living in Florida. Judge Nygaard further stated that attempts to have Dratwa transcribe and file the trial proceedings had proven fruitless.

The trial court's letter of May 11, 1987 went on to direct appellate counsel to comply with the procedure set forth in Pa.R.A.P.1923, and prepare a statement in lieu of the transcript of the trial. While indicating that the court would continue efforts to have Dratwa file the transcript, Judge

Nygaard made it clear that counsel's compliance with Rule 1923 would facilitate the appeal in this case.

Pennsylvania Rule of Appellate Procedure 1923 provides as follows:

**Rule 1923.   Statement in Absence of Transcript**

If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection.   The statement shall be served on the appellee, who may serve objections or propose amendments thereto within ten days after service.   Thereupon the statement and any objections or proposed amendments shall be submitted to the lower court for settlement and approval and as settled and approved shall be included by the clerk of the lower court in the record of appeal.

Appellate counsel Constantine did not respond to or acknowledge Judge Nygaard's letter of May 11, 1987 until September 23, 1987.   On that date, Constantine wrote to the trial judge acknowledging the May 11th letter directive and stating "it is not possible for me to prepare such a [Rule 1923] statement as I was not trial counsel in this matter." Counsel went on to request that the court take "whatever legal action is possible" against Dratwa in Florida to have the transcripts prepared.

On September 30, 1987, Judge Nygaard again wrote to Constantine, indicating the court's continuing accessibility to both Constantine and the prosecutor in developing the statement contemplated by Rule 1923.   Judge Nygaard requested that Constantine take immediate action, in order not to jeopardize Burrow's appeal.

On October 15, 1987, with no further action apparent of record by Constantine, the trial court record was received in this court.   Finally, on November 24, 1987, a Brief of Appellant was filed by Constantine, containing as its principal contention that the case should be remanded for retrial since the trial transcript was unavailable and "meaningful appellate review is impossible."

■   We find no difficulty in accepting as a principle of law, that where meaningful review is impossible *and* appellant is free from fault, a new trial may be granted. *Commonwealth v. Shields,* 477 Pa. 105, 383 A.2d 844 (1978).

■   Meaningful review does not require, *per se,* a complete trial transcript. Where an indigent is implicated in a criminal trial, the court must provide *either* a trial transcript *or* an equivalent thereof in order that the defendant may properly prosecute an appeal. *Oliver v. Zimmerman,* 720 F.2d 766 (3d Cir.1983), *cert. denied,* 465 U.S. 1033, 104 S.Ct. 1302, 79 L.Ed.2d 701 (1984). And of equal importance, a criminal defendant must first show a colorable need for a complete transcript before the state must meet its burden of showing that something less will suffice. *Karabin v. Petsock,* 758 F.2d 966 (3d Cir.), *cert. denied,* 474 U.S. 857, 106 S.Ct. 163, 88 L.Ed.2d 135 (1985).

On this appeal, we are faced with a simple shoplifting case, where Burrows and one Yvette Williams were charged with having entered a Joseph Horne Co. department store in Erie at about 5:30 p.m. on April 3, 1985 and having attempted to stuff six dresses worth a total of $604 into a shopping bag without removing the hangers. Identification is not an issue.

■   The issue on this appeal is whether appellate counsel may ignore a directive of the trial court to prepare a statement of the evidence *from the best available means,* simply by stating, and re-stating, that appellate counsel was not trial counsel. We think not.

There is nothing to suggest that Michelle Hawks, defense trial counsel, was not available to Constantine throughout his stewardship on this appeal. It appears clear from the record, including the Petition for Writ of Habeas Corpus, the Trial Memorandum, and the Motion for New Trial and/or Arrest of Judgment,—all filed by trial defense counsel—that the issues to be presented on appeal do not go so much to any *factual dispute,* but rather relate to whether a conviction can be had for retail theft (attempt) where the

retailer's merchandise had been rolled up but not yet deposited into an open shopping bag held by Yvette Williams.

Rule 1923 does not require appellate trial counsel to have first hand, direct knowledge of what transpired at trial. We reject any suggestion that a statement cannot be prepared where there is no showing of any effort whatsoever to review the existing record, consult with trial defense counsel, and consult with the defendant.

In this case the record contains a preliminary hearing transcript, setting forth the testimony of the only two possible prosecution witnesses at trial, David Dennis, the Horne's security manager, and Barbara Burbles, a Hornes's security detective. Of course, appellate counsel is not bound by the preliminary hearing transcript. But it does afford a base from which counsel could have begun to reconstruct the trial proceedings, in consultation with his client, Burrows, and trial defense counsel, Hawk.

Rule 1923 does not contemplate that appellate counsel must single-handedly reconstruct the record. On the contrary, Constantine had the opportunity under the rule to fashion a statement which best reflected his client's position. If he had done so, the Commonwealth would then have been afforded the right to serve objections or amendments to the statement upon Constantine within ten days. Thereafter, as the court made abundantly clear, Judge Nygaard would have reviewed the statement, as objected to or amended, for settlement and approval.

We decline to assume that competent counsel, both as advocates and as officers of the court, are unable to work together to arrive at an equivalent picture sufficient to permit meaningful review in this simple shoplifting case. On other facts, it might well appear that reconstruction of an equivalent picture is "difficult" or "impossible". Where, however, nothing has been attempted, we reject appellate counsel's suggestion that without a transcript of the trial proceeding, meaningful review is impossible.

Counsel for Burrows, in the Summary of Argument portion of the Brief of Appellant, asserts that "subsequently

appointed counsel has some obligation to review the record and examine the case for possible ineffective assistance of counsel...." We reject this, as posited. The obligation of counsel, beginning as early as January 17, 1986, was to consult with his client and preceding counsel to evaluate whether, based on everything successor counsel could learn about the case, further investigation and pursuit of a transcript was indicated. This was not done.

We began by stating that we were constrained to disagree with both Burrows and the Commonwealth. Here, we are persuaded from our review of the entire record that Burrows, through his counsel Constantine, refused to proceed as directed by the trial court, to fashion a statement in the absence of a transcript. We are also persuaded that both the trial court and the Commonwealth remained accessible at all material times to discharge their respective obligations under Rule 1923.

We also firmly believe that meaningful review would have been possible on the sufficiency issues had Burrows, through his counsel, complied with the trial court's directive. Counsel took no steps to provide an equivalent picture of the proceedings at any time since his appointment, in the face of a clear directive from the trial court to proceed. Counsel had timely notice of his obligation to move forward under Rule 1923. No reasonable excuse has been advanced for counsel's inactivity.

As early as *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, 55 ALR.2d 1055 (1956) the United States Supreme Court recognized that a State "may find other means [than providing stenographic transcripts for] affording adequate and effective appellate review to indigent defendants." *Id.* at 20, 76 S.Ct. at 591, 100 L.Ed. at 899. This was considered more fully in *Draper v. Washington*, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963), where the Supreme Court said:

Alternative methods of reporting trial proceedings are permissible if they place before the appellate court an equivalent picture of the events at trial from which the

appellant's contentions arise. A statement of facts agreed to by both sides, a full narrative statement based perhaps on the trial judge's minutes taken during trial ... all might be adequate substitutes, equally as good as a transcript.

*Id.* at 495, 83 S.Ct. at 779, 9 L.Ed.2d at 905. *Accord, Mayer v. City of Chicago,* 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971).

In *Commonwealth v. Shields,* 477 Pa. 105, 383 A.2d 844 (1978) our supreme court announced that when the record becomes unavailable, *through no fault of the defendant,* the prosecution has the responsibility to reconstruct a meaningful record in its place. Pa.R.A.P.1923 affords a means by which the prosecution can discharge that responsibility, where the defendant cooperates. In the case now before us appellate defense counsel utterly refused to initiate action which could have led to an equivalent picture of the proceedings at trial. We are not inclined to find the defendant without fault, where his counsel has refused to assist in the construction of an equivalent picture in the face of a trial court request to do so. *Cf. Commonwealth v. Hughes,* 480 Pa. 311, 389 A.2d 1081 (1978) (failure to object to trial court's procedure for reconstructing the transcript results in waiver of alleged failure to follow Rule 1923).

We are unable to reach Burrow's arguments relating to the sufficiency of the evidence to convict solely because, through his counsel, he has refused to utilize Rule 1923 to fashion an equivalent picture. The record before us indicates that, had appellate defense counsel utilized the procedure set forth in Rule 1923, an equivalent picture could have been formulated and meaningful appellate review of the sufficiency issues could have been accomplished. *Cf. Commonwealth v. Lyons,* 346 Pa.Super. 585, 500 A.2d 102 (1985).

■ Since appellate review has been thwarted as a direct result of appellate defense counsel's refusal to participate in a Rule 1923 reconstruction, we find the sufficiency issues

556

to be waived and affirm the judgment of sentence, without prejudice to Burrow's rights under the Post Conviction Hearing Act.

Judgment of sentence affirmed.

DEL SOLE, J., files a dissenting statement.

DEL SOLE, Judge, dissenting:

I dissent and would remand the matter to the trial court for the purpose of providing an equivalent record for appellate review. I would further point out that the Commonwealth has not in its brief raised any issue of waiver in this case.