J-S23001-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CRAIG CARTER, | : | |
| | : | |
| Appellant | : | No. 2190 EDA 2008 |

Appeal from the Judgment of Sentence May 17, 2006,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0300181-2005

BEFORE:  DONOHUE, SHOGAN and STRASSBURGER*, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED MAY 15, 2015**

Appellant, Craig Carter ("Carter"), appeals from the judgment of sentence entered on May 17, 2006, seeking a new trial based upon the unavailability of trial transcripts necessary to prosecute an appeal.  For the reasons set forth herein, we affirm the judgment of sentence.

At a bench trial in March 2006, the trial court found Carter guilty of four counts of aggravated assault, 18 Pa.C.S.A. § 2702, five counts of robbery, 18 Pa.C.S.A. § 3701, two counts of criminal conspiracy, 18 Pa.C.S.A. § 903, and a variety of lesser offenses.  In May 2006, the trial court sentenced Carter to an aggregate term of incarceration of from eleven to twenty-two years.  Carter did not file a post-sentence motion or a notice of appeal, but on April 25, 2007, he filed a pro se petition pursuant to the Post Conviction Relief Act, 42 Pa. C.S.A. §§ 9541-46 ("PCRA"), seeking the

---

*Retired Senior Judge assigned to the Superior Court.

reinstatement of his direct appeal rights nunc pro tunc. The PCRA court granted this petition and Carter (through counsel) filed a notice of appeal on July 18, 2008.

Carter's appointed appellate counsel (Attorney Rodriguez) could not obtain the trial transcripts necessary to complete the certified record on appeal, and on October 11, 2011, the trial court conducted an evidentiary hearing, after which it concluded that the trial transcripts were irretrievably lost. On March 12, 2012, this Court entered an order directing the trial court and the parties to prepare a statement in absence of transcript pursuant to Rule 1923 of the Pennsylvania Rules of Appellate Procedure. In response, on May 2, 2012, the trial court issued an order directing Attorney Rodriguez to prepare a Rule 1923 statement.

In September 2012, Attorney Rodriguez filed a motion to compel Carter's trial counsel (Attorney Coard) to file a statement of his recollection of what transpired at trial, and the trial court entered an order directing Attorney Coard to do so by November 2012. On January 7, 2013, the trial court entered another order directing Attorney Coard to comply with its prior order. On July 22, 2013, the trial court again ordered Attorney Rodriguez to file a Rule 1923 statement. On February 5, 2014, the trial court issued a third order to Attorney Coard, directing him to appear before the trial court to explain why he had not complied with the prior orders. On March 6, 2014, the trial court issued yet another order to Attorney Coard, directing

him to appear on March 24, 2014 to explain his failure to comply with the prior court orders and stating that if he failed to appear he would be held in contempt and a bench warrant would be issued for his arrest.

Also on March 6, 2014, Attorney O'Hanlon entered his appearance replacing Attorney Rodriguez, who had been unable to attend hearings because of medical problems. At the hearing on March 24, 2014, and as set forth in an order dated March 25, 2014, the trial court ordered counsel for the Commonwealth (Attorney Travassos) to reconstruct the record and submit copies to the trial court, Attorney O'Hanlon, and Attorney Coard. On April 21, 2014, Attorney Travossos filed the Commonwealth's Proposed Statement in Absence of Transcript under Pa.R.A.P. 1924, and on April 28, 2014, Attorney Travossos filed an amended statement. In the proposed statement, the Commonwealth set forth its version of events at trial "relying on its internal case files and the recollection of the trial ADA." Amended Statement, 4/29/2014, ¶ 6. At a hearing on July 1, 2014, Attorney O'Hanlon, on behalf of Carter, objected to the Commonwealth's proposed statement, contending that it did not accurately state "what took place at trial." N.T., 7/1/2014, at 4. Attorney O'Hanlon also read into the record two letters written by Carter, in which he disagreed with the accuracy of the proposed statement. *Id.* at 4-6. Overruling these objections, the trial court concluded that the Commonwealth's proposed statement was an accurate summary of Carter's trial. *Id.* at 7.

On appeal, Carter raises a single issue for our consideration, namely whether the trial court erred in "certifying a reconstruction of the record because the trial transcript was not available and could not feasibly and meaningfully be reproduced." Carter's Brief at 4. In his appellate brief, Carter contends that neither the trial court nor Attorney Coard had any recollection of what transpired at trial, and that in the absence of trial transcripts or a substantial equivalent, he must be granted a new trial. *Id.* at 9-10.

As rehearsed hereinabove, this Court ordered the trial court and the parties to prepare and submit a statement in absence of transcript pursuant to Pa.R.A.P. 1923, which provides as follows:

> If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within ten days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the lower court for settlement and approval and as settled and approved shall be included by the clerk of the lower court in the record on appeal.

Pa.R.A.P. 1923.

Whether the trial court should have "certified" the Commonwealth's proposed statement pursuant to Rule 1923 is questionable, for at least two reasons. First, nothing in the certified record on appeal supports the trial

- 4 -

court's conclusion that the proposed statement is an accurate representation of what took place at Carter's trial. The Commonwealth did not attach any affidavits or other supporting evidence to its filing, and while Attorney Travossos signed it, she was not the prosecutor who tried the case. As noted, Carter (the only other person who claims to have any recollection of what took place) disputed the accuracy of the proposed statement.

Second, the process employed by the trial court (to have the Commonwealth prepare the proposed statement) is contrary to the process set forth in Rule 1923.[1] Pursuant to Rule 1923, the appellant must prepare the statement and send it to the appellee for objections or proposed amendments, and it is then submitted to the trial court for review and approval. Pa.R.A.P. 1923. Parenthetically, we note that while this Court has sometimes insisted on strict compliance with the process set forth in Rule 1923, **see In re D.D.**, 597 A.2d 648 (Pa. Super. 1991) (en banc), on other occasions we have not. **See Commonwealth v. Hughes**, 389 A.2d 1081 (Pa. Super. 1978); **Smith v. Mason**, 476 A.2d 1347 (Pa. Super. 1984).

---

[1] Perhaps recognizing this inconsistency, the Commonwealth cited to Rule 1924, rather than Rule 1923, when filing its proposed statement. Rule 1924, entitled "Agreed Statement of Record," plainly has no application here, as it provides a mechanism for the parties, *by agreement*, to exclude from the certified record (and thus from appellate consideration) matters before the trial court that are not essential to the issues presented on appeal. **See generally** West's Pennsylvania Practice, Vol. 20A, §1924.1. Here there is no agreement between the parties regarding the Commonwealth's proposed statement, and (particularly in the absence of any substantive issues raised at the present time) no reason for an abbreviated certified record.

We need not decide whether the trial court erred in approving/certifying the Commonwealth's proposed statement, however, since in either instance we cannot grant Carter the relief he has requested (i.e., a new trial). In **Commonwealth v. Harvey**, 32 A.3d 717 (Pa. Super. 2011), this Court recently summarized the relevant law with respect to the grant of a new trial where missing transcripts cannot be overcome by application of Rule 1923:

> Where meaningful review is impossible and appellant is free from fault, a new trial may be granted. **Commonwealth v. Burrows**, 379 Pa.Super. 548, 550 A.2d 787 (1988). "Meaningful review does not require, per se, a complete trial transcript." **Id.** at 789. **See Commonwealth v. Lesko**, 609 Pa. 128, 15 A.3d 345, 410–11 (2011) ("[T]he absence of notes does not generate some instantaneous, meritorious claim for relief."). Rather, the court may provide either a complete trial transcript or an equivalent thereof. **Burrows**, **supra**. "Rule 1923 does not contemplate that appellate counsel must single-handedly reconstruct the record." **Burrows**, 550 A.2d at 789. The theory that underlies Rule 1923 is that a verbatim transcript of proceedings is not necessarily a condition precedent to meaningful appellate review, so long as the appellate court has an "equivalent picture" of what happened at trial. **Commonwealth v. Anderson**, 441 Pa. 483, 272 A.2d 877 (1971). Further, no relief is due because counsel on appeal was not counsel at trial. **Burrows**, **supra** (the rules of appellate procedure do not require appellate counsel to have first-hand direct knowledge of what transpired at trial to prepare statement of evidence). Rather, appellate counsel is required to prepare a statement of the missing evidence from the best available means. **See id.**

**Id.** at 721-22.

Based upon the certified record before us, we cannot conclude that Carter is "free from fault" regarding the lack of an acceptable Rule 1923 statement in absence of transcript. Contrary to the express requirements of Rule 1923, Carter's appellate counsel, including neither Attorney Rodriguez nor Attorney O'Hanlon, never submitted a "statement of the evidence or proceedings from the best available means, including his [the appellant's] recollection." Pa.R.A.P. 1923. In **Harvey**, we refused to grant a new trial because counsel failed to submit a Rule 1923 statement in absence of transcript, noting that "there is no evidence [counsel] attempted to consult with the district attorney's office, the trial judge, or Appellant. [T]he information necessary to prepare a statement in absence of transcript can come from any of the parties who were present, including the trial judge, witnesses, the trial prosecutor, defendant's trial attorney, and defendant." **Harvey**, 32 A.3d at 722 (citing **Burrows**, 550 A.2d at 787).

Similarly, the certified record in the present case does not establish that Carter's appellate counsel exhausted all possible sources of information in a good faith attempt to comply with the dictates of Rule 1923, including consultation with the district attorney's office and/or with Carter himself. In **Harvey**, we noted the importance of utilizing the appellant's own recollection of events at trial:

> It is understandable that [Appellant's] trial attorney does not remember the details of one case that occurred almost four years ago; the attorney has

> most likely tried dozens of cases, if not more, since then. However, [Appellant] himself has not. His trial likely stands out in his mind. Whether or not [Appellant] remembers every detail of [the trial] testimony, it is likely that he remembers some of what occurred.

*Id.* at 723 (citing the trial court's opinion). Carter's letters objecting to the Commonwealth's proposed statement reflect that he had recollections of what occurred at trial and could have been a resource to his appellate counsel in preparing a Rule 1923 statement. We also note that the certified record contains other materials that could have been helpful in this regard, including the exhibits entered into evidence at trial and a transcript of a plea[2] and sentencing hearing (May 17, 2006).

At his discretion, Carter may file a PCRA petition alleging that his appellate counsel was ineffective in this regard. We express no opinion whatsoever regarding the merits (or lack thereof) of such a filing. Instead, we conclude only that on direct appeal, no basis exists on the record before us to grant Carter a new trial.

Judgment of sentence affirmed.

Shogan, J. joins the Memorandum.

Strassburger, J. files a Concurring Memorandum.

---

[2] Carter pled guilty to a VUFA firearms violation, 18 Pa.C.S.A. § 6106. N.T., 5/17/2006, at 6.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/15/2015