J-S40027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RASHEEN MCDONALD, | : | |
| | : | |
| Appellant | : | No. 2585 EDA 2016 |

Appeal from the Judgment of Sentence May 26, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0003215-2015

BEFORE:   OTT, DUBOW, JJ., and STEVENS, P.J.E. *

MEMORANDUM BY DUBOW, J.:                **FILED OCTOBER 05, 2017**

Appellant Rasheen McDonald appeals from the Judgment of Sentence entered by the Court of Common Pleas of Delaware County on May 26, 2016, after a jury convicted him of, *inter alia*, Kidnapping, Robbery, and Conspiracy.  Appellant asserts a **Batson**[1] violation and challenges the sentencing court's application of the deadly weapons enhancement.  After careful review, we affirm.

The relevant facts, as gleaned from the trial court's Pa.R.A.P. 1925(a) Opinion, are as follows.  On February 7, 2015, two masked men attempted

_____

* Former Justice specially assigned to the Superior Court.

[1] **Batson v. Kentucky**, 476 U.S. 79 (1986) (holding that the use of peremptory challenges to purposefully remove prospective jurors on the basis of their race violates the equal protection clause of the United States Constitution).

to pull Donald Crews from his car after he parked near Grays Street in Chester. Mr. Crews fought them off and ran away, but when he fell, the two men grabbed him, hit him over the head with a gun, and brought him back to the car. They forced Crews into the back seat at gunpoint and bound his hands in front of him with zip ties. Crews recognized Appellant's voice as Appellant repeatedly asked, "Where's the money?"

The men then drove Crews to an alleyway in Chester, where Appellant took a necklace and cash from Crews. Appellant repeatedly asked Crews "Where's the money?" in addition to "Who is up at 11th Street?" and "Who is up at Girard Avenue?" When Crews did not answer, Appellant opened the rear passenger door and, at Appellant's direction, the other individual shot Crews in the leg. Appellant then grabbed Crews by the legs and forced him into the trunk of the vehicle. Appellant's mask came off at that time, and Crews clearly saw Appellant's face.

Crews kicked in the back seat of the car and escaped. However, as he fled, a third individual grabbed Crews and put him back into the back seat of the car. Appellant was no longer with them. Crews jumped from the car as it was traveling toward 11th Street, and ran to a house for help.

When police arrived, Crews told the responding officer that Appellant and others had kidnapped and shot him, and then taken his car. The City of Chester Police Department investigated and arrested Appellant on February 17, 2015.

A jury trial proceeded on March 22 and 23, 2016, after which the jury found Appellant guilty of Kidnapping, Robbery, Aggravated Assault, and Conspiracy.[2,3] The court sentenced Appellant to an aggregate term of 22.3 to 44.6 years' incarceration followed by 11.5 years' probation.

After the denial of his Post-Sentence Motion, Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Did the lower court err in finding that the Deadly Weapon Enhancement is not illegal pursuant to *Alleyne v. United States*?

2. Did the court err in denying that there was a violation pursuant to *Batson v. Kentucky*, especially in light of the missing transcript from jury selection?

Appellant's Brief at 1.

In his first issue, Appellant asserts that the sentencing court erred in applying the deadly weapon enhancement provision to his sentence pursuant to *Alleyne*.[4] No relief is due.

_____

[2] 18 Pa.C.S. § 2901(a)(3); 18 Pa.C.S. §3701(a)(1)(i); and 18 Pa.C.S. § 2702(a), respectively.

[3] The jury also found Appellant guilty of Robbery of a Motor Vehicle, and Conspiracy to Robbery of a Motor Vehicle.

[4] *Alleyne v. U.S.*, 133 S.Ct. 2151 (U.S. 2013) (holding that any fact that increases the mandatory minimum sentence is an element of the crime and must be submitted to the jury).

The Pennsylvania Sentencing Guidelines provide that when a court determines that a firearm was used during the commission of a crime, it "shall consider" the application of a sentencing enhancement provided in the DWE/Possessed Matrix (§ 303.17(a)). 204 Pa. Code § 303.10(a)(1)(i).[5] This Court has observed that an **Alleyne** challenge is inapplicable to the use of the deadly weapon enhancement. **Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1270 n.10 (Pa. Super. 2014) (*en banc*).[6] **See also Commonwealth v. Ali**, 112 A.3d 1210, 1226 (Pa. Super. 2015), *affirmed in part, reversed in part, vacated on other grounds*, 149 A.3d 29 (Pa. 2015) (explaining that, unlike minimum sentences imposed pursuant to statute, sentencing guidelines are only advisory and, thus, enhancements "do not bind a trial court to any particular sentencing floor, nor do they compel a trial court in any given case to impose a sentence higher than the court believes is warranted. They require only that a court consider a higher range of possible minimum sentences.").

Because the deadly weapons enhancement is part of the sentencing guidelines, **Alleyne** does not apply. Accordingly, this claim warrants no relief.

_____

[5] Crimes in which a firearm is an element of the crime are excluded from the deadly weapons enhancement guideline. **See** 204 Pa. Code § 303.10(a)(3).

[6] As the **Buterbaugh** Court acknowledged, neither party in that case challenged the deadly weapons sentencing enhancement as a violation of **Alleyne**.

In his second issue, Appellant asserts that the trial court erred in denying Appellant's **Batson** objection made during *voir dire* and again in his Post-Sentence Motion. Additionally, Appellant contends that he cannot address the **Batson** claim he raises on appeal because there is no record of the sidebar conferences during jury selection. In light of this, Appellant requests that this Court remand the case to the trial court to create a "Statement in Absence of Transcript" under Pa.R.A.P. 1923 or an "Agreed Statement of Record" under Pa.R.A.P. 1924. Appellant's Brief at 10, 11-13.

It is well settled that the appellant bears the burden of producing a complete record for, and prior to, appellate review. **Commonwealth v. Dunkle,** 932 A.2d 992, 996 (Pa. Super. 2007). **See also Commonwealth v. Michuck**, 686 A.2d 403, 408 (Pa. Super. 1996) (discussing an appellant's responsibility to include relevant portions of the record for appellate review, including *voir dire* excerpts, by preparing a statement in absence of record or an agreed statement of record to supplement the record). If relevant portions of the notes of testimony are missing, "it becomes a circumstance the appellant or his counsel needs to respond to by, for example, ordering notes counsel failed to order earlier; or seeking an order of court to have ordered notes promptly transcribed, or otherwise made available; or, where notes cannot be secured, to take steps to have an equivalent picture of the proceeding generated. **See** Pa.R.A.P. 1911(a); Pa.R.A.P. 1923 (statement in the absence of transcript); Pa.R.A.P. 1924 (agreed upon statement of the

record)." ***Commonwealth v. Lesko***, 15 A.3d 345, 411 (Pa. 2011). It is not the responsibility of this Court to obtain a copy of the trial transcript for the purposes of reviewing an appellant's claims. ***Commonwealth v. Osellanie***, 597 A.2d 130, 132 (Pa. Super. 1991).

In Appellant's Brief, counsel fails to describe what, if any, efforts were made to prepare a statement in lieu of a transcript. He merely asserts that because he was not counsel of record at the trial phase, he "is therefore unable to circulate such a statement." Appellant's Brief at 12. We find this assertion to be somewhat feeble. This Court has explained, "Rule 1923 does not require appellate trial counsel to have first hand, direct knowledge of what transpired at trial." ***Commonwealth v. Burrows***, 550 A.2d 787, 789 (Pa. Super. 1988). "We reject any suggestion that a statement cannot be prepared where there is no showing of any effort whatsoever to review the existing record, consult with trial defense counsel, and consult with the defendant." ***Id***. Accordingly, we decline counsel's invitation to remand for the preparation of a statement he was obligated to obtain prior to seeking this Court's review.

Without a statement in lieu of a transcript, which was Appellant's responsibility to provide, we are unable to conduct a proper review and analysis of Appellant's ***Batson*** challenge. Accordingly, we conclude this

issue is waived.[7]  **See Osellanie**, **supra** at 132 (concluding that, in the absence of a trial transcript or statement in lieu of a transcript, this Court is unable to conduct proper appellate review and waiver is appropriate).

Judgment of Sentence Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/5/2017

---

[7] We further note that in the Argument section of his Brief, Appellant fails to identify with specificity the trial court's error, the juror who was struck, the circumstances of the strike, the other strikes, and the composition of the jury panel or the trial jury.  Appellant also fails to apply the relevant legal principles to the facts.  Appellant's failure to develop this issue prevents this Court from conducting meaningful appellate review, and provides an additional reason for this Court to conclude that this issue is waived.  **See Commonwealth v. B.D.G.**, 959 A.2d 362, 371-372 (stating that failure to develop an issue in appellate brief results in waiver of that issue); **see also** Pa.R.A.P. 2119.