J-S36005-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHABAZZ R. DOW | : | |
| | : | |
| Appellant | : | No. 359 EDA 2019 |

Appeal from the Judgment of Sentence Entered September 28, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011039-2017

BEFORE: LAZARUS, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED JANUARY 25, 2022**

Shabazz R. Dow appeals from the judgment of sentence, entered in the

Court of Common Pleas of Philadelphia County, after entering a guilty plea to

one count each of robbery,[1] burglary,[2] attempted involuntary deviate sexual

intercourse (IDSI),[3] theft by unlawful taking,[4] unlawful restraint,[5] indecent

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3701(a)(1)(i).

[2] 18 Pa.C.S.A. § 3502(a)(1)(i).

[3] 18 Pa.C.S.A. § 901(a)(1).

[4] 18 Pa.C.S.A. § 3921(a).

[5] 18 Pa.C.S.A. § 2902(a)(1).

exposure,[6] terroristic threats,[7] indecent assault,[8] and corruption of minors.[9] After careful review, we vacate the judgment of sentence, and remand for a new sentencing hearing in accordance with the dictates of this memorandum.

At the guilty plea hearing, the Commonwealth stated the factual history, to which Dow agreed, which we now summarize.[10] On August 9, 2017, at approximately 9:30 p.m., the victim and her two young children, E.R., a nine-year-old female, and A.R., a seven-year-old female, were at their home in Philadelphia. The victim noticed an unknown black male, later identified as Dow, enter the home through the front door.

Dow ran towards the victim, placed a towel over her face, grabbed her by the head, and threw her to the ground. Dow then told the victim "Shut up, bitch, I will kill you." N.T. Guilty Plea Hearing, 6/22/18, at 7. For the next five hours, Dow remained in the victim's home. Throughout the event, Dow frequently commented on the victim's breasts, reminded her that he had a gun in his backpack, and would rub himself against the victim's body while touching her buttocks. He also demanded that the victim hug and kiss him.

---

[6] 18 Pa.C.S.A. § 3127(a).

[7] 18 Pa.C.S.A. § 2706(a)(1).

[8] 18 Pa.C.S.A. § 3126(a)(1).

[9] 18 Pa.C.S.A. § 6301(a)(1)(i).

[10] *See* N.T. Guilty Plea Hearing, 6/22/18, at 7-12.

After throwing the victim to the ground, Dow pulled the victim up by her hair, and told her to turn off the lights in the house. The victim asked what Dow was going to do to her, and he said, "Don't worry I'm not going to rape you." *Id.* at 8. However, shortly thereafter, Dow pulled out his penis and told the victim to "Put your mouth on that." *Id.* The victim told Dow that she did not want to perform oral sex on him, and Dow put his penis back in his pants and told the victim to take her clothes off. The victim complied, and Dow put the victim's clothes into a backpack.

Dow began asking where the victim's husband was and when he would be home. Dow then demanded the victim's wallet, debit card, and money. Additionally, Dow asked how much money was in the victim's bank account and directed her to log into her bank account. Dow then had the victim call her credit card company and claim that she was stranded and needed cash, as well as submit a request that the credit card be approved for cash withdrawals. Afterwards, Dow smashed all the remaining phones in the house.

Dow forced the victim up the stairs while asking where she kept the money. Once upstairs, Dow ordered the victim to take a shower and, specifically, to wash her hair. After she had showered, Dow instructed the victim to begin cleaning the home and wipe down any surfaces that Dow had touched. While Dow followed the victim around the home, he located a cash box, which he subsequently broke open and took approximately $1,000.00.

At some point, Dow asked the victim whether she planned to call the police when he left. The victim responded that she just wanted to go upstairs and see her children. Dow told the victim to go upstairs and be quiet, and eventually Dow left the home. As Dow left, he took the victim's 2016 Kia Sorrento, approximately $1,300.00 in cash, multiple debit cards, the victim's wallet, her iPhone, and Mac computer.

Eventually, the police were called, and officers pursued Dow in a vehicle chase and, subsequently, on foot. Dow was arrested shortly thereafter and, during his statement to police, he confessed to the above-described events. Dow also volunteered that he repeatedly asked the victim, "Why did you leave your fucking door unlocked? Do you know w[ha]t people do to little girls?" *Id.* at 11.

Dow was charged, *inter alia*, with the above-mentioned offenses.[11] On June 22, 2018, Dow entered into a hybrid guilty plea, wherein he agreed to plead guilty to the above-mentioned offenses, and the remaining offenses would be *nolle prossed*. There was no agreement on sentencing. On September 28, 2018, the trial court sentenced Dow to a period of 10 to 20 years in prison for his conviction of robbery, and a consecutive period of 10 to

---

[11] Dow was also charged with one count each of criminal trespass, 18 Pa.C.S.A. § 3503(a)(1)(ii), receiving stolen property, *id.* at § 3925(a), simple assault, *id.* at § 2701(a), recklessly endangering another person, *id.* at § 2705, false imprisonment, *id.* at § 2903(a), harassment, *id.* at § 2709(a)(1), and criminal solicitation – IDSI forcible compulsion, *id.* at § 902(a).

20 years in prison for his conviction of attempted IDSI. At his conviction for burglary, the trial court sentenced Dow to a consecutive period of 10 to 20 years of probation. The trial court imposed no further penalty on Dow's remaining convictions. Dow was sentenced in the aggregate to a period of 20 to 40 years in prison, followed by 10 to 20 years of probation. The trial court also determined that Dow was required to register as a Tier III offender under Pennsylvania's Sex Offender Registration and Notification Act. *See* 42 Pa.C.S.A. §§ 9799.10-9799.41.

On October 1, 2018, Dow filed a post-sentence motion seeking reconsideration of his sentence, in which he claimed that his sentence was manifestly excessive, and the trial court erred by failing to comply with 42 Pa.C.S.A. § 9721(b)'s requirement that it state adequate reasons, on the record, for imposing a sentence above the guidelines. On January 29, 2019, the post-sentence motion was denied by operation of law. Dow filed a timely notice of appeal. The trial court ordered Dow to file a concise statement pursuant to Pa.R.A.P. 1925(b). Dow's counsel filed Rule 1925(b) extension requests, in which he alerted the trial court that the sentencing hearing and guilty plea hearing transcripts had not been transcribed.

At some point, appellate counsel was notified by the court reporters that no notes of testimony for the sentencing hearing existed. Then appellate counsel filed, with the trial court, a Statement in Absence of Transcript pursuant to Pa.R.A.P. 1923 (where no transcript of proceedings available,

appellant may prepare statement of proceedings from best available means, including his recollection).

According to Dow, the disc containing the sentencing hearing transcript was unreadable and no alternative copy of the transcript existed.  Dow's Rule 1923 statement includes the following:

> In this matter, [c]ounsel timely filed an order for necessary notes of testimony when the appeal was filed.  Counsel received the notes of testimony for [Dow's] guilty plea (which was tendered on June 22, 2018), but never received the notes of testimony for the [] sentencing [hearing] (held on September 28, 2018).  Upon inquiry, counsel was informed that the court reporter responsible for the sentencing [hearing] . . . was no longer employed by the Court Reporter's Office, but that another court reporter . . . would be transcribing [the sentencing hearing].  After further inquiries, and after some delay occasioned by the disruption in the First Judicial District's email system, counsel was informed that the disc containing the notes of testimony for [Dow]'s sentencing was unreadable and that the notes are therefore unable to be transcribed.

Statement in Absence of Transcript Pursuant to Pa.R.A.P. 1923, 7/22/19, at 1-2 (unpaginated).  Counsel also represented that he contacted Dow's trial counsel, reviewed various memos and documents filed with the trial court, and attached a proposed statement of evidence to the Rule 1923 statement. *Id.* at 2 (unpaginated); *see also id.*, at 3-4 (unpaginated).  In the proposed statement of evidence, appellate counsel included a report, authored by May Archer,[12] that had been accepted by the trial court at Dow's sentencing

---

[12] May Archer is a social worker employed with the public defender's office.

hearing, which contained Dow's social history, childhood life, mental health diagnoses, substance abuse, and his family history. *Id.* at 3-4, 8-14.

In its response, the Commonwealth indicated that the Commonwealth was similarly unable to locate a copy of the sentencing transcript. *See* Commonwealth's Response, 8/2/19, at 2. Additionally, the Commonwealth indicated that the assistant district attorney who was present at Dow's sentencing hearing no longer worked for the office. *Id.* Further, although the Commonwealth did not object, it was "unable to verify the accuracy of [Dow]'s statement of evidence" and, thus, relied upon the trial court's recollection and notes of the sentencing hearing in addition to Dow's PSI. *Id.*

Shortly thereafter, Dow filed a supplemental Rule 1923 motion, in which the Commonwealth joined, whereby the parties requested to supplement the existing Rule 1923 statement with the offense gravity scores (OGS) for attempted IDSI, robbery, and burglary. On January 13, 2021, the trial court granted Dow's supplemental Rule 1923 motion and determined that Dow had an OGS of 11 for attempted IDSI, 10 for robbery, and 10 for burglary. *See* Order, 1/13/21. In the same order, the trial court clarified that Dow had pled guilty to a single count of robbery under section 3701(a)(1)(ii)-(iii). *See* Order, 1/13/21.

On appeal, Dow's appellate counsel became aware that the guilty plea transcript was still absent from the record before this Court, and on July 31, 2021, filed an Application for Correction of the Original Record, in which he

requested permission to supplement the certified record with the transcripts. **See** Application for Correction of the Original Record, 7/31/21, at ¶ 2.[13]  On August 11, 2021, this Court granted the application.  Subsequently, on October 10, 2021, Dow's appellate counsel filed a second Application for Correction of the Original Record, in which he requested to supplement the certified record with Dow's PSI, mental health evaluation, and prior record score.  **See** Application for Correction of the Original Record, 10/8/21, at ¶¶2-3.  On October 22, 2021, this Court granted Dow's application.  Both Dow and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Dow raises the following issues for our review:

[1.]  Did not the court err and abuse its discretion by sentencing [Dow] to above-guideline sentences while failing to state its reasons for imposing such sentences?

[2.]  Did not the court err by imposing separate sentences of guilt with no further penalty for the charges of theft by unlawful taking, unlawful restraint, indecent exposure, terroristic threats, indecent assault[,] and corruption of minors where, pursuant to 18 Pa.C.S.[A.] § 3502(d), a defendant sentenced for a burglary conviction may not be separately sentenced for offenses "which it was his intent to commit after the burglarious entry?"

[3.]  Did not the court err by imposing a separate sentence of guilt with no further penalty for the charge of theft by unlawful taking,

---

[13] We observe that, in this filing, appellate counsel attached the guilty plea hearing transcript, and a separate hearing transcript dated December 19, 2019, which is not the sentencing hearing. **See id.** at Exhibit A-B.  Our review of the December 19, 2019 hearing, indicates that it was conducted by the trial court in order to state that, in sentencing Dow, it had considered his PSI, mental health evaluation, and prior record score.  **See** N.T. Hearing, 12/19/19, at 3.

as this offense should have merged as a lesser-included offense for sentencing purposes with the charge of robbery?

Brief for Appellant, at 4.

In his first claim, Dow contends that his own Rule 1923 statement is insufficient and an inadequate substitute for the missing sentencing transcript, because, pursuant to section 9721(b), the Rule 1923 statement cannot meet the requirements that a trial court shall place its reasons on the record, in open court, for deviating from the sentencing guidelines. Brief for Appellant, at 13-14. In particular, Dow argues that the trial court deviated upwards from the sentencing guidelines and that, without a sentencing transcript, it is impossible for this Court to adequately review the trial court's rationale for its deviation. *Id.* at 14-15. The Commonwealth, in its brief, concedes that the existing record does not reveal any reasons that the trial court relied upon in its deviation from the sentencing guidelines. *See* Commonwealth's Brief, at 8-9. Additionally, both Dow and the Commonwealth request that this Court vacate Dow's judgment of sentence and remand for the trial court to conduct a new sentencing hearing at which it can place its reasons on the record. Brief for Appellant, at 15; *see also* Commonwealth's Brief, at 8-9.

Initially, we must determine whether the absent sentencing transcript impedes our review and, if so, whether the subsequent Rule 1923 statement cures this defect. We acknowledge that "[t]he burden of obtaining transcripts from the proceedings falls squarely on the appellant." *See Commonwealth v. Harvey*, 32 A.3d 717, 721 (Pa. Super. 2011) (citing Pa.R.A.P. 1911(a)).

However, when the situation arises where there is no transcript available, at no fault of the appellant, Rule 1923 provides:

> If no report of the evidence or proceedings at a hearing or trial was made, **or if a transcript is unavailable**, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within ten days after service. Thereupon[,] the statement and any objections or proposed amendments shall be submitted to the lower court for settlement and approval and as settled and approved shall be included by the clerk of the lower court in the record on appeal.

Pa.R.A.P. 1923 (emphasis added). "The theory that underlies Rule 1923 is that a verbatim transcript of proceedings is not necessarily a condition precedent to meaningful appellate review, so long as the appellate court has an 'equivalent picture' of what happened." **Harvey**, 32 A.3d at 721.

"Meaningful review does not require, *per se*, a complete [] transcript." **Commonwealth v. Burrows**, 550 A.2d 787 (Pa. Super. 1988); **see also Commonwealth v. Lesko**, 15 A.3d 345, 410-11 (Pa. 2011) ("[T]he absence of notes does not generate some instantaneous, meritorious claim for relief."). Additionally, "Rule 1923 does not contemplate that appellate counsel must single-handedly reconstruct the record." **Burrows**, 550 A.2d at 789.

Instantly, as discussed above, Dow filed a Rule 1923 statement. **See** Rule 1923 Statement, 7/22/19, at 1-4 (unpaginated). On August 8, 2019, the Commonwealth filed its response, in which it did not contest the factual statement in Dow's Rule 1923 statement. **See** Commonwealth's Response, 8/8/19, at 1-2. In addition, the Commonwealth likewise stated that it was

- 10 -

unable to locate a copy of the sentencing transcript and deferred to the trial court's recollection of the sentencing hearing. *Id.*

On September 25, 2020, Dow filed a motion to supplement his Rule 1923 statement, in which the Commonwealth joined. *See* Motion to Supplement, 9/25/20, at 1-2 (unpaginated). The parties agreed to the following OGS for Dow's convictions: robbery – 10, burglary – 10, attempted IDSI – 11. *Id.* On January 13, 2021, the trial court issued an order, in which it accepted Dow's Rule 1923 statement and his supplemental Rule 1923 statement. *See* Order, 1/13/21, at 1.

Additionally, both Dow and the Commonwealth agreed that the sentencing guideline ranges for attempted IDSI were 72 – 90 months (standard range), and 102 months (top end of the aggravated range), and for both robbery and burglary 60 – 71 months (standard range) and 83 months (top end of the aggravated range). *See* Motion to Supplement, 9/25/20, at 1-2; Brief for Appellant, at 11, 13; Commonwealth's Brief, at 8-9. However, in its opinion, the trial court asserts that, "[Dow] had a prior record [score] of five (5) with a guideline sentence of up to eighty-nine (89) years of incarceration." Trial Court Opinion, 3/11/21, at 8. The trial court further stated that Dow's sentence was "ultimately, . . . mitigated *below* the guidelines." *Id.* (emphasis added).

Despite the best efforts of the parties and the trial court, we are constrained to conclude that the record before us does not contain any reasons

- 11 -

for the trial court's deviations from the guidelines. ***See*** 42 Pa.C.S.A. §

9721(b); ***see also Commonwealth v. Hill***, 66 A.3d 365, 370-72 (Pa. Super.

2013) (in deviating from sentencing guidelines, trial court must demonstrate

that it understood suggested ranges for sentencing guidelines and provide

statement of reasons pursuant to section 4721(b)); ***see also***

***Commonwealth v. Beatty***, 227 A.3d 1277, 1289 (Pa. Super. 2020) (42

Pa.C.S.A. § 9721(b) does not require sentencing court to evoke "magic words"

but sentencing court *must* demonstrate understanding of sentencing

guidelines). We further conclude that, through no fault of Dow's, the

sentencing transcript is unavailable, this defect cannot be cured by the Rule

1923 statement and its supplement, and Dow's discretionary aspects of

sentencing claim is wholly unreviewable on appeal. We, therefore, vacate

Dow's judgment of sentence and remand for a new sentencing hearing, at

which the trial court shall place its reasons for Dow's sentence on the record.[14]

---

[14] Moreover, we note that, as highlighted above, there is a discrepancy as to the correct guideline ranges of Dow's sentences, which the trial court shall rectify upon remand. Indeed, our review of the record reveals that the 89-year guideline, referenced by the trial court, appears to be the maximum possible sentence if Dow had been sentenced to consecutive statutory maximum sentences on each count. ***See*** N.T. Guilty Plea Hearing, 6/22/18, at 6 (trial court informed Dow possible statutory maximum sentence 89 years and $120,000.00); ***see also*** Written Guilty Plea Colloquy, 6/22/18, at 1 (outlining Dow's possible statutory maximum sentences of 89 years and $120,000.00). This discrepancy further supports the need to remand this case, and direct the trial court to accurately state the applicable sentencing guidelines at the new sentencing hearing. ***See Hill***, *supra*; ***Beatty***, *supra*.

Nevertheless, our review does not end there. Dow has raised two additional claims, in which Dow asserts that various offenses should have merged for sentencing purposes and that the trial court sentenced him illegally by imposing no further penalty. **See** Brief for Appellant, at 15, 19.

In his first merger claim, Dow contends that his convictions for theft by unlawful taking, unlawful restraint, indecent exposure, terroristic threats, indecent assault, and corruption of minors, should have merged, for sentencing purposes, with his burglary conviction pursuant to 18 Pa.C.S.A. § 3502(d), pertaining to the multiple convictions after burglarious entry. Brief for Appellant, at 15-19.

Our standard of review is well-settled. "A claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence. Therefore, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Quintua**, 56 A.3d 399, 400 (Pa. Super. 2012). Merger of sentences is generally governed by section 9765 of the Sentencing Code, which provides:

> **§ 9765. Merger of sentences**
>
> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765. Further, regarding burglary, the Crimes Code provides that "[a] person may not be sentenced both for burglary and for the offense

- 13 -

which it was his intent to commit after the burglarious entry or for an attempt to commit that offense, unless the additional offense constitutes a felony of the first or second degree." 18 Pa.C.S.A. § 3502(d).

Regarding his first claim, burglary is defined, in relevant part, by the Crimes Code:

**§ 3502. Burglary**

**(a) Offense defined.--**A person commits the offense of burglary if, with the intent to commit a crime therein, the person:

> (1)(i) enters a building or occupied structure, or separately secured or occupied portion thereof, that is adapted for overnight accommodations in which at the time of the offense any person is present and the person commits, attempts or threatens to commit a bodily injury crime therein[.]

18 Pa.C.S.A. § 3502(a).[15]

Unfortunately, due to the above-described discrepancies in the record, we cannot accurately determine whether the trial court made any specific findings, regarding burglary, at Dow's sentencing hearing.[16] We acknowledge

---

[15] Initially, we observe that Dow does not assert that the statutory elements of indecent assault, indecent exposure, terroristic threats, theft by unlawful taking, corruption of minors, and unlawful restraint merge with the statutory elements of burglary and, accordingly, we do not engage in that analysis.

[16] We acknowledge that the trial court states, in its opinion, that it was Dow's intent to commit theft by unlawful taking and that, accordingly, his sentence for that offense should be vacated. **See** Trial Court Opinion, 3/11/18, at 5. However, the Commonwealth expressly contested this determination and claims that it was clearly evidenced that Dow's intent was to commit a robbery. **See** Commonwealth's Brief, at 10. We can find no support for either of these conclusions in the record before us, due in large part to the facts that
*(Footnote Continued Next Page)*

that the burglary statute prohibits separate sentences "unless the additional offense constitutes a felony of the first or second degree."  *See* 18 Pa.C.S.A. § 3502(d).  However, because the record in this case is deficient and prevents adequate review of the trial court's determinations at sentencing, we decline to determine which, if any, of the above-mentioned offenses are subject to 18 Pa.C.S.A. § 3502(d).   Rather, upon remand, we direct the trial court to determine, on the record, which, if any, of Dow's convictions were the object of his burglarious entry.

Regarding Dow's second merger claim, Dow argues that his convictions of theft by unlawful taking and robbery should have merged for sentencing purposes because theft by unlawful taking is a lesser included offense of robbery, pursuant to section 9765.  *Id.* at 19.

Robbery is defined, in relevant parts, by the Crimes Code as follows:

**§ 3701. Robbery**

**(a) Offense defined.--**

(1) A person is guilty of robbery if, in the course of committing a theft, he:

(i) inflicts serious bodily injury upon another;

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;

---

the trial court made no factual findings in this regard at the guilty plea hearing and the sentencing transcript is unavailable.  *See* N.T. Guilty Plea Hearing, 6/22/18, 1-15.

- 15 -

(iii) commits or threatens immediately to commit any felony of the first or second degree

      \*      \*      \*

(2) An act shall be deemed "in the course of committing a theft" if it occurs in an attempt to commit theft or in flight after the attempt or commission.

18 Pa.C.S.A. §§ 3701(1), (2).

The Crimes Code defines theft by unlawful taking, in relevant part, as follows: "(a) Movable Property.--A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." **Id.** at § 3921(a).

Based upon record before this Court, and in light of our disposition, we similarly decline to address this merger claim. Initially, the record reflects that Dow was charged with, and pled guilty to, robbery under subsection (a)(1)(i). **See** Criminal Information, 1/10/18, at 1, 4 (unpaginated); N.T. Guilty Plea Hearing, 6/22/18, at 4-6, 13 (Dow pled guilty to robbery as charged); Trial Disposition and Dismissal Form, 6/22/18, at 1; **see generally** Order of Sentence, 9/28/18.

However, Dow's own supplement to his Rule 1923 statement indicates that Dow was incorrectly charged under subsection (a)(1)(i). **See** Motion to Supplement, 9/25/20, at 2 ("[I]t appears [Dow] pled to robbery under 18 Pa.C.S.A. § 3701(a)(1)(**ii**) and [**id.** at] (a)(1)(**iii**) . . . [a]ccordingly it is requested that the [Rule 1923 statement] be supplemented with this information, and that the record be clarified to reflect the proper sections of

the charge of robbery.") (emphasis added). Additionally, both the Commonwealth and trial court agreed with Dow's Rule 1923 statement. *See id.* at 1 (wherein Commonwealth agreed with motion to supplement); *see also* Order, 1/13/21, at 1 ("[T]o the extent that the record anywhere indicates otherwise (including, specifically in the sentencing order for this case), it is clarified that [Dow] was charged with the offense of Robbery under 18 Pa.C.S.A. § 3701(a)(1)(ii) and § 3701(a)(1)(iii), and pled guilty to that offense under those sections.").

At the outset, we observe that the trial court lacked jurisdiction to amend the robbery subsection within the sentencing order. *See* 42 Pa.C.S.A. § 5505 ("Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, **if no appeal from such order has been taken or allowed**.") (emphasis added); *see also Commonwealth v. Quinlan*, 639 A.2d 1235, 1238 (Pa. Super. 1994) (generally, trial courts lack jurisdiction to modify judgment of sentence once appeal is taken); *Cf. Commonwealth v. Klein*, 781 A.2d 1133, 1135-36 (Pa. 2001) (trial court could amend order of sentence while appeal pending, where patent error occurred and sentencing transcript clearly reflected patent error).

Instantly, we observe that the trial court, in its January 13, 2021, order, stated that "to the extent that the record anywhere indicates otherwise (**including, specifically in the sentencing order for this case**), it is

clarified that [Dow] was charged with the offense of Robbery under 18 Pa.C.S.A. § 3701(a)(1)(ii) and § 3701(a)(1)(iii), and pled guilty to that offense under those sections." Order, 1/13/21, at 1 (emphasis added). However, there is no sentencing transcript for us to review regarding the subsections of the robbery offense under which Dow pled guilty. Rather, the guilty plea transcript indicates that Dow pled guilty to a single count of robbery, *as charged*. *See* N.T. Guilty Plea Hearing, 6/22/18, at 4-6, 13. Additionally, our review of the criminal information, order of sentence, and trial disposition form reveal that Dow was charged with robbery under subsection (a)(1)(i). *See* Criminal Information, 1/10/18, at 1, 4 (unpaginated); Trial Disposition and Dismissal Form, 6/22/18, at 1; Order of Sentence, 9/28,18. Accordingly, we discern no patent error and, thus, we are constrained to determine that the trial court lacked jurisdiction to amend the sentencing order after Dow had filed his timely notice of appeal. *See* 42 Pa.C.S.A. § 5505; *Quinlan*, *supra*.

Nevertheless, in light of our disposition, the trial court may, upon remand, correct the alleged deficiency in Dow's robbery conviction. However, we emphasize, that the record reveals Dow pled guilty to a *single* count of robbery, not two. *See* Criminal Information, 1/10/18, at 1, 4 (unpaginated); N.T. Guilty Plea Hearing, 6/22/18, at 4-6, 13; Trial Disposition and Dismissal Form, 6/22/18, at 1; Order of Sentence, 9/28/18, at 1; *see also* Motion to Supplement, 9/25/20, at 2 (wherein the parties agreed that Dow pled guilty to **one** count of robbery, albeit under wrong subsubsection). Therefore, we

caution the trial court that subsubsections (a)(1)(ii) and (iii) constitute two separate counts of robbery.

Accordingly, because Dow only pled guilty to a *single* count of robbery, and there is a conflict as to which subsection Dow pled guilty under, we decline to engage in this merger analysis. Therefore, upon remand, we direct the parties and the trial court to correct this error, if any, so that the record clearly reflects the correct subsection(s) and/or counts of robbery. Moreover, upon remand, the parties and the trial court shall fully develop the record with regard to which charges, if any, merge with the corrected robbery subsection.

In summary, we vacate Dow's judgment of sentence, and we remand for a new sentencing hearing at which the trial court shall determine which, if any, of Dow's convictions were the intent of his burglarious entry pursuant to 18 Pa.C.S.A. § 3502(d). Additionally, the parties and the trial court shall determine which subsection of robbery Dow pled guilty to, and, if necessary, shall amend the *single* robbery subsection. Furthermore, the parties and the trial court shall develop the record with regard to which offenses, if any, merge with the corrected robbery subsection. Finally, the trial court shall place upon the record its reasons for deviating from the sentencing guidelines in accordance with 42 Pa.C.S.A. § 9721(b).

Judgment of sentence vacated. Case remanded for new sentencing hearing in accordance with dictates of this memorandum. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/25/2022